[Filed June 24, 1891.]

## GEORGE W. HAHN *v.* BAKER LODGE, NO. 47.

GRANTS OF ROOMS—CONSTRUCTION—INTENTION OF PARTIES.—Grants of rooms or apartments in a building, like leases of the same, must be construed according to the intention of the parties, and with reference to the subject matter upon which they operate.

IDEM—DESTRUCTION OF BUILDING.—Where the language of the grant does not purport to convey an estate or interest in the land or building, or any portion of it, but only a certain room located in such building, namely, "the middle room or hall of the upper story," carefully distinguishing by its provisions the room granted from other rooms, and contains no stipulation as to rebuilding in case of fire or other casualty, and such building is destroyed by fire, and the identity and existence of the room as such was extinguished, there was nothing remaining upon which the conveyance could operate, and the rights of the defendant terminated.

EASEMENTS.—If an easement for a particular purpose is granted there is an end of the easement, when the purpose no longer exists.

Baker county: JAMES A. FEE, Judge.

Defendant appeals.    Modified.

*Hyde, Johns & Olmsted,* and *T. C. Hyde,* for Appellant.

*Williams & Wood,* for Respondent.

LORD, J.—This is a suit in equity, brought by the plaintiff to restrain the defendant from interfering with certain alleged rights in certain premises claimed by the plaintiff.

The facts out of which the question presented for our consideration arose, are substantially these:   The plaintiff

was the owner of a certain lot in Baker City upon which was erected a two-story building, the middle room or hall in the upper story of which was owned by the defendant, and used as a lodge hall, and as appurtenant thereto owned an easement as a means of ingress and egress. The room owned by the defendant being a middle room had front and rear walls and two lateral walls. A fire occurring, the whole building was substantially destroyed; the roof, floors, joists, windows and doors were totally consumed by the flames, and at the same time the rear and front walls were entirely destroyed to their foundation, and only a portion of the lateral walls remained, which were fire-cracked, shaky and unfit for use. So far as relates to the second story, only a portion of the lateral walls were left above the second story, and as they stood, they were unsafe and practically useless for rebuilding purposes. The other walls were destroyed, so that the middle room in the second story used as a hall by the defendants and its foundations were practically destroyed by the conflagration, and its identity lost or extinguished. While there is some conflict in the evidence, there is none upon which to base the contention that there was any sufficient portion of the lateral walls remaining to preserve the identity of the middle room, or that such portions as remained were sufficiently safe for rebuilding purposes as they stood.

The practical deduction from the evidence, considered as a whole, leaves no doubt that the middle room in the upper story owned by the defendant was wholly destroyed, and that the building itself was substantially destroyed. Upon this state of facts, the inquiry is, had the defendant the right, which it undertook to exercise, and which this suit is brought to enjoin, of rebuilding the walls for the purpose of reconstructing an upper story and recreating a middle room to be used as a lodge hall in the place of the one destroyed by the fire. By its conveyance, the defendant had granted to it what was known and styled as the middle room of the upper story of the building and

an easement of ingress and egress. There is no provision in it, or right given to the defendant in case of the destruction of the upper story by fire, or of the building itself, to rebuild it. It does not in terms grant or convey the land, and does not purport to grant or convey the building, but only the middle room or hall in the upper story, and without any stipulation as to rebuilding in case of fire.

It seems to us that conveyances of this kind, like leases of apartments in buildings, must be construed according to the intention of the parties, and with reference to the subject matter upon which they operate. As applied to a lease, the doctrine of the law is, when it is not the intention to grant any interest in the land further than is necessary for the enjoyment of the room leased, that when such room is destroyed there is nothing upon which the demise can operate, and that the lease terminates with the destruction of the thing leased. (*Harrington* v. *Watson,* 11 Or. 143; 50 Am. Rep. 465.) The application of this doctrine is well illustrated in the case of *Stockwell* v. *Hunter,* 11 Met. 448; 45 Am. Dec. 220, in which this question was carefully considered. In that case the lessor of a three-story building leased the cellar or basement to a tenant for five years, and the other stories to other tenants, but the lease contained no stipulation as to rebuilding in case of fire, and it was held that the destruction of the building terminated the lessee's rights in the premises. It was put upon the ground that such leases of distinct rooms or apartments do not carry any interest in the land beyond that connected with the enjoyment of the particular room; that the room was the thing leased, and that the destruction of the thing leased necessarily terminated the lessee's interest therein. The real question in all such cases, as it must be in the case at bar, is whether the intention of the parties, collected from the whole instrument, was to grant any estate in the land. The language of this conveyance precludes the idea that it was the intention to grant the building, or any portion of it, but only a certain room located in that building— "the middle room or hall of the upper story"—which is the

principal thing granted, and which is identified by description to distinguish it from other rooms.

As the conveyance does not purport in terms to grant any estate or interest in the land, and as the provisions of the conveyance carefully distinguish the room granted from other rooms, or the building, and as it contains no stipulation to rebuild in case of fire or other casualty, there is nothing to be taken by implication to justify us in holding that any grant of an estate in the land was intended. It is not doubted that there may be a freehold interest in a part of a building. (1 Wash. Real Prop. 18.) Nor do we wish to be understood as holding that the sale of an interest in a building may not be a sale of an estate or interest in the subjacent soil. What we are trying to indicate is, that by the terms of the instrument it is the middle room or hall of the upper story which was granted to the defendant, and not a part of the building; that the defendant did not acquire any right of ownership in the building or any part of it, but in the room or space enclosed by that part of the building which was described and identified as the middle room or hall of the upper story. This it owned, and so long as it existed, and its identity was preserved, the defendant had the right to its enjoyment. But when the fire destroyed the building, and the identity of the room and its existence as such were extinguished and at an end, there was nothing remaining upon which the defendant's conveyance could operate, and its rights at once terminated.

In *Thorn* v. *Wilson,* 110 Ind. 325; 59 Am. Rep. 209, where a committee on behalf of the order of Freemasons had been granted the right to construct a second story upon a building erected by the owner of the land, "to have and own said second story for their use perpetually," it was held that they did not acquire any proprietary interest in the freehold of which such second story became a part. In construing the instrument, the court says: "It is evident that the instrument relied on by the appellant does not convey an interest in the land," and then adds, "for it is quite clear that if

XXI OR.—3.

the buildings should be totally destroyed, the rights of the appellants and of their grantors as well would at once terminate." As the instrument grants the defendant no estate in the land, and contains no stipulation of a right to rebuild in case of destruction by fire or other casualty, it would seem to be plain that it was the intention of the parties, collected from their agreement and its subject matter, that the agreement and the relation created by it should terminate with the destruction of the building.

The remaining question is, whether the easement for the purpose of ingress and egress was extinguished by the destruction of the building. The facts show that such easement was granted for the particular purpose of affording ingress and egress to the building. Without it, the principal thing (the room granted) would be practically useless. It was essential and necessary for the enjoyment of the room, and was granted on account of it. Nor is it of any use, within the purposes of the grant, without the existence of the room. In such case, the general rule, as stated by Mr. Washburne, is, that "if an easement for a particular purpose is granted, when that purpose no longer exists, there is an end of the easement." (Wash. on Ease. 654, 657.) When the reason and necessity for the easement ceased, within the intent for which it was granted, as it did when the building was destroyed by fire, it would logically result there was an end of the easement.

For these reasons we think there was no error upon the legal questions presented by this record, but that the damages awarded are not justified by the facts under the circumstances, and that the decree awarding them must be disallowed, but in all other things affirmed, and so it is ordered.