Filed May 29, 1894.

--------◆--------

No. 16,730.

SHIRLEY ET AL. *v.* CRABB.

EASEMENT.—*Use of Stairway.—Destruction of Building.—Extinguishment of Right.*—A reservation of such a right of way over a stairway and hall as may "be necessary to the proper use and occupancy of the upper story" of a building, does not carry an interest in the soil, and the destruction of the building by fire without the fault of the servient owner, extinguishes the right.

From the Hendricks Circuit Court.

*G. W. Brill, G. C. Harvey, E. G. Hogate* and *J. L. Clark*, for appellants.

*C. Foley*, for appellee.

HACKNEY, J.—This action was by the appellants, and its object was to quiet title to an easement.

The only question in the case arises upon an exception to one conclusion of law stated upon the facts specially found.

From the special finding it appears that in the year 1873 Homan and Piersol owned, as joint tenants, a part of lot 17, block 19, in the town of Danville, fronting

east 42½ feet on a public street, and extending west to an alley, with an additional width upon said alley. While so owning the same they erected thereon a double building, two stories high, the division wall between the two parts of said building being so constructed that the center thereof was 21½ feet south of the north line of said part lot and 21 feet north of the south line thereof. On the south side of said division wall was constructed a stairway from said street to a landing upon the second floor of said building, and another stairway from the rear of that part of the building on the south of said division line, and on the south of said division wall was so constructed as to reach said landing. From said landing was made an entrance to the second story of that part of said building on the north of said line, and through said entrance, and by said stairways was supplied the only means of ingress and egress to and from the second story of the part of said building north of said division line. By numerous conveyance, the appellees became the owner of that part of said property lying south of said division line subject to a reservation in each deed of conveyance of such a right of way over the front and rear stairways so constructed and in a hall running north and south through the second story of said building, for the proper use and occupancy of the second story of that part of said building on the north of said division line. By deeds of conveyance, the appellants became the owners of the real estate north of said division line, together with said right of way, and before and after such conveyances said stairways were continuously used openly and freely for the benefit of the appellants' part of said building until the 28th day of August, 1891, when said building and the parts thereof owned by both the parties herein, together with said stairways, were wholly destroyed by fire without the fault of either of the parties.

Since the destruction of said building, the appellee has erected upon his part of said real estate a two-story brick building, occupying the entire width of his said real estate, excepting one inch along the north line thereof, or along the said dividing line between his property and that of the appellants.   On the north side of the building so constructed, the appellee has erected a stairway from said street to the second story of said building.  The appellants contemplate the erection, at an early date, of a two-story building of the character of that so owned by them and so destroyed, and they desire to avail themselves of the use and privileges of stairways of the character and for the purposes of those so existing prior to the destruction of the former building.   The right so desired is denied by the appellee.

Upon the facts found, the court stated as conclusions of law, *first,* that the appellants, by their purchase and the conveyance to them, acquired an easement in the nature of a right of way over said stairways and hall as they existed before the destruction of said building, and, *second,* that by the destruction of said building said easement was wholly lost and extinguished.

It is to this second conclusion that the appellants except and insist that they held an easement not to be lost by the destruction of the buildings.   This position'necessarily involves the claim that the appellants' rights were more than a license to use the stairways and hall, and that their interest in the property of the appellee was an easement attaching to the real estate, and continuing until extinguished by some act of the owner of the dominant estate.

The appellee contends that the conclusion of the lower court is sustained in the principle that prevails with reference to those mutual easements arising from the construction of a wall upon the dividing line between

properties and used by the owners in common for the support of their respective buildings. In such cases the rule seems to be that in the absence of express agreement there can be, by implication, no mutual easement of perpetual support applicable to future structures. *Sherred* v. *Cisco,* 4 Sandf. (N. Y. Sup.) 480; *Partridge* v. *Gilbert,* 15 N. Y. 601; *Pierce* v. *Dyer,* 109 Mass. 374; *Antomarchi's Exr.* v. *Russell,* 63 Ala. 356; *Hoffman* v. *Kuhn,* 57 Miss. 746; *Heartt* v. *Kruger,* 121 N. Y. 386.

But the right of the appellants possesses none of the elements of mutuality. It is wholly beneficial to the appellants.

The record does not contain the evidence, and we are not advised as to the exact wording of the reservations by which the alleged easement was created. We only learn from the special finding that there was reserved from the appellee "such a right of way over the front and rear stairs" and in the hall "as might be necessary to the proper use and occupancy of the upper story" of the appellants' building.

The parties, in their argument of this case, have treated this reservation as creating an easement, and have endeavored to discriminate between its effect as constituting an easement which fastens itself upon and creates an interest in the realty, and one which operates as a mere license not revocable, but extinguishable. To our minds there can be no right to be known as an easement which does not consist of an interest in real estate, and it is difficult, if not impossible, to conceive of an easement becoming extinguished, not by the act of the parties, but by the destruction of a part of the servient estate, when there is that remaining upon which the dominant estate may operate in whole or in part.

The essential qualities of easements are these:

1st. They are incorporeal.

2d. They are imposed on corporeal property.

3d. They confer no right to a participation in the profits arising from such property.

4th. They are imposed for the benefit of corporeal property.

5th. There must be two distinct tenements—the dominant, to which the right belongs, and the servient, upon which the obligation rests. 6 Am. and Eng. Encyc. of Law, p. 142, and authorities there cited.

Possessing these elements and constituting an easement creates an interest in land. 6 Am. and Eng. Encyc. of Law, p. 143; *Robinson* v. *Thrailkill*, 110 Ind. 117; *Branson* v. *Studabaker*, 133 Ind. 147.

It is only by reason of this character of the interest that an action to quiet title to an easement is entertained under our practice. Therefore, to conclude that the appellants held no interest in the real estate is to hold that they had no easement. If the right were but a license, the fact of destruction is not essential, since the denial of the right by the appellee works a revocation, there being no such right as a license not subject to revocation and falling short of an easement.

We feel entirely certain that the reservation, in the form in which it is brought to us, was not intended to create an interest in the soil, and if it possessed the qualities of an easement, in that it became an interest in real estate, it was only to the extent of affording the use of the stairways and hall in the building as it existed, and independently of any right to or interest in the soil. If this was the extent of the interest, it follows that the destruction of the building destroyed the right as effectually as if the interest had been in the soil, and the floods had carried away the soil, nothing would remain upon which the right could operate. A new structure would not recreate the right, for such right

had been destroyed, and not simply suspended as would probably have been the case if the right had attached to the land.

The case of *Hahn* v. *Baker Lodge, etc.*, 27 Pac. Rep. 166, presents a stronger claim to a reviving right than that of the appellants. There the plaintiff owned a lot upon which was erected a two story building, the middle room or hall in the upper story of which was owned by the defendant, and used as a lodge. The building was destroyed by fire. The conveyance to the defendant contained no provision, in case of such destruction, giving the right to rebuild. No interest in the land having been conveyed, it was held that all right was extinguished. We say the claim was stronger because there the interest was an absolute ownership, here, at most, it is but an easement, and in neither case does it appear that the right extends to the subjacent soil. The distinction here marked was established by this court in the case of *Thorn* v. *Wilson*, 110 Ind. 325. It was there held that a contract under which one became the owner of an upper story of a building gave no interest in the land. It was said: "The instrument before us, however, grants a mere use, and not a proprietary interest in the *corpus* of the property, and upon such a grant a proprietary interest in the real estate itself can not be recovered." It was also suggested that in case of the destruction of the building all rights under the contract would terminate.

We conclude, therefore, that the right of the appellants did not extend beyond the use of the stairways and halls, and did not consist of an interest in the soil; that no obligation rested upon the appellee to rebuild or maintain for appellant's use another stairway in the event of the destruction of those in which the interest was held, and that by the destruction of the buildings,

without the fault of the appellee, the interest of the appellant was extinguished.

The judgment of the lower court is affirmed.

Filed April 20, 1894; petition for a rehearing overruled June 22, '94.