NATHAN G. DOUGLAS and Another, Respondents, *v.* DANIEL S. COONLEY and Another, Appellants.

*Order sustaining a demurrer — reviewed on appeal from an interlocutory judgment entered thereon — the grant of a right to use the stairs of a building terminates upon its destruction — demurrer to an answer not sustained if the complaint is demurrable — allegation of the legal effect of a conveyance — form of denial by the answer.*

In order to review upon appeal an order sustaining a demurrer, upon which an interlocutory judgment was entered, it is not necessary to appeal from the order nor to refer to it in the notice of appeal.

Such order is not appealable, and upon an appeal a reference in the notice of appeal to the interlocutory judgment entered pursuant to such order, enables the order sustaining the demurrer to be reviewed.

Although the grantee of land upon which a store has been erected may acquire thereby the right to the use of a stairway in a building on the adjacent lot, such right terminates on the destruction of the building.

Where a deed conveyed the right "to pass and repass up and down the passage-way or stairway between the store owned by Margaret A. Cantwell, and of the parties of the first part hereto at all times in common * * * for the purposes of going and returning to and from the rooms in the upper part of said stores," the language will be deemed to apply to the rooms and stairway in the building then standing, and cannot be construed to convey a right in the space occupied by the stairs, or a right to rebuild them after their destruction, or a right in a new stairway in a new building that may thereafter be erected on the lot by the assigns of the grantor named in such deed.

This is so notwithstanding the fact that the conveyance was made to the grantee, her heirs and assigns, if there was no provision in such deed which would compel the grantor or his heirs or assigns to rebuild the store on the adjacent lot in case of the destruction thereof.

Where the complaint in an action fails to set forth a cause of action, a demurrer by the plaintiff to the answer of the defendant therein cannot be sustained.

Where the plaintiff in his statement of the cause of action in the complaint in an action alleges only the legal effect of a conveyance, the defendant, in his answer, may follow the plaintiff's example in such respect.

APPEAL by the defendants, Daniel S. Coonley and another, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Franklin on the 13th day of September, 1894, upon the decision of the court rendered after a trial at the Clinton Special Term, adjudging the plaintiffs to be the owners and entitled to the immediate right of possession of a certain right of way, and enjoining and restraining the defendants from interference with the enjoyment of such rights, with notice of an intention to bring up for review upon such appeal the interlocutory judgment entered in said clerk's office on the 30th day of June, 1894, sustaining the plaintiffs' demurrer to the defendants' answer, and also the order of reference made at the Clinton Special Term, and entered in said clerk's office on the 11th day of July, 1894.

*Albert Hobbs*, for the appellants.

*William P. Cantwell*, for the respondents.

PUTNAM, J. :

This is an appeal by defendants from a final judgment sustaining the demurrer interposed by plaintiffs to the answer. The action was brought to enforce plaintiffs' alleged right to the use in common with defendants of a stairway on premises of the latter leading from the street to the upper story between the adjoining stores of the parties, situate in Chateaugay, Franklin county.

It was alleged in the complaint that one Henry B. Smith, deceased, being the owner of a building containing three stores, died, leaving a last will and testament, in which he conferred on his executors therein named power to convey his real estate. The latter sold the middle store to one Margaret A. Cantwell on September 14, 1865, and on March 31, 1869, the adjoining west store to defendant Coon-

ley and one John Hughes, whose title has since been transferred to the defendant Sophronia C. Smith. Between said middle and west stores was a party wall. Also, there was a stairway from the street to the upper rooms of the building, between the two stores, built in the store so conveyed to Coonley and Hughes, and used at the time of the above-mentioned conveyance in common by the tenants in the rooms over each of the stores as the only means of access thereto. It is alleged in the complaint: " That while the said Daniel S. Coonley and John Hughes continued to be the owners of said west store, and the said Margaret A. Cantwell the owner of said middle store, and on the 15th day of May, 1869, the said Daniel S. Coonley and John Hughes, by a deed of conveyance duly executed by them, granted, sold and conveyed to the said Margaret A. Cantwell, her heirs and assigns, the right of way to pass and repass up and down the passageway or stairway between the store owned by Margaret A. Cantwell and of the parties of the first part hereto at all times in common with the parties of the first part hereto for the purposes of going and returning to and from the rooms in the upper part of said stores. The party of the second part to pay one-half of the expense of keeping said stairway in repair."

It was further alleged in the complaint that plaintiffs have succeeded to the title in said middle store and stairway formerly owned by said Margaret A. Cantwell; that on the 11th day of January, 1893, said building was destroyed by fire; that plaintiffs have since rebuilt the middle store and defendants the west store, with a stairway placed as and like the one destroyed, and the parties have built a party wall between the two stores similar to the one formerly existing; that defendants have wrongfully excluded and continue to exclude plaintiffs from the use of said stairway; that the plaintiffs, in consequence of such exclusion, have sustained damages to the amount of $200. Plaintiffs asked for a judgment restraining defendants from interfering with the use of said stairway by plaintiffs and their tenants, for $200 damages and further relief.

An answer was interposed, which will be hereafter considered. Plaintiffs demurred to the answer, and from the final judgment sustaining such demurrer this appeal is taken.

The demurrer interposed was in two parts — *first*, to the whole answer; and, *second*, to certain portions thereof which were

assumed to be set up as separate defenses. The court below only considered and passed upon the demurrer to the whole answer. He, doubtless, concluded that the different paragraphs in defendants' answer were not intended as separate answers, but as different paragraphs of one defense. It will only be necessary for us to consider the legal questions raised by the demurrer passed upon by the court below.

It is urged by respondents that this appeal does not bring up for review the questions sought to be raised by appellants, because no appeal was taken from the order on which the interlocutory judgment was based, nor is it stated in the notice of appeal that said order will be brought up for review on the hearing of the appeal. That the position of respondents is not well taken has been held by this General Term in *Dick* v. *Livingston* (41 Hun, 455). BOCKES, P. J., in delivering the opinion, and speaking in regard to such an order, said : " The *decision* was not appealable, but stood as does a decision by a referee or a judge on trial a without jury, which declares the rights of the parties and directs judgment. (Sec. 1021.) So here, it gave direction for the entry of an interlocutory judgment, from which an appeal might be taken pursuant to section 1349 of the Code." The order not being appealable, it was not necessary to refer to it in the notice of appeal. The reference to the interlocutory judgment entered pursuant to the order was all that was necessary.

It is claimed by plaintiffs that their grantor, Cantwell, became the owner of an easement in, or right to the use of, the stairway in question by virtue of the deed from the executors of Henry B. Smith, and independently of the deed from Coonley and Hughes. It does not appear, from the statements made in the complaint, that the deed from the said executors in terms conveyed any rights in said stairway, but plaintiffs urge that Smith, being the owner of the two stores, and there being no other way of access to the rooms over the middle store except by the stairway, by the deed from the executors to Margaret A. Cantwell of said store and the rooms above it, without any reservation, a right to use said stairway as an appurtenance passed. That when Coonley and Hughes, afterwards, purchased the west store, they took the premises subject to the easement or servitude existing in favor of Margaret A. Cantwell.

Assuming that this position taken by respondents is correct, we are of the opinion that the easement in the stairway in question acquired under the circumstances by Margaret A. Cantwell, under the deed to her from the executors of Smith, only continued to exist while the building standing when the right to such easement was acquired, remained, and ceased with the destruction of the building. (See *Heartt* v. *Kruger*, 25 N. Y. St. Repr. 686; affd., 121 N. Y. 386.)

In the case cited the owner of two adjoining lots erected a building on each with a party wall between them, one-half of which was placed on each lot. The two lots were afterwards transferred to different owners and both buildings were destroyed by fire. The defendant, the owner of one of the lots, erected a new wall on the old party wall foundation, and the plaintiff, the owner of the other lot, commenced an action of ejectment and was sustained in all the courts. In delivering the opinion of the Court of Appeals, GRAY, J., remarked: " When the title to these two lots was severed by their conveyance to separate persons, the purchaser of each lot is presumed to have contracted in reference to the condition of the property at the time, and the openly existing arrangement of a party wall could not be changed, so long as it stood and answered its purpose. It was made a party wall upon the severance of the title by the description of the boundary line, but the whole extent of the qualification, which resulted as to each lot owner's title, was the easement which the other acquired in the wall dividing and supporting their respective buildings. Each was bound to preserve the existing order of things in that respect, and neither had any right to change the relative condition of his building to the injury of the adjoining one. The party wall of the two buildings was an open and visible condition of the ownership of the property, and, in legal contemplation, its use as such, while the buildings stood, was an element which entered into the contract of the purchaser and which charged the land with a servitude. * * * But, upon the destruction of the buildings, the tenements reverted to their original or primary conditions of ownership. Their tenure was no longer qualified by the relative rights and obligations which previously existed. * * * The implied agreement that the party wall, exising at the time of the conveyances of the two lots by their

common owner, should continue in its use and occupancy as such, cannot be extended so as to relate to a changed condition of things caused by the casual destruction of the wall and buildings."

We think the principles enunciated in the above quotations apply to this case. By the conveyances of the owner of both stores of the middle store to plaintiffs' grantor, she acquired a right to use the stairway, the same as the defendants in the case cited acquired the right to use the party wall, one-half of which was on plaintiffs'. premises, but such right terminated on the destruction of the buildings.

Respondents also claim that under the deed from Coonley and Hughes to Margaret A. Cantwell, set out in the complaint, she, her heirs and assigns, acquired an easement in and a right to use the stairway existing when the conveyance was made, and also the stairway erected by defendants since the destruction of the building. The complaint does not contain a copy of the deed in question or a statement of its contents, except as above quoted. The answer to which the demurrer was interposed did not deny the execution of the deed.

We think the recital of the provisions of said deed in the complaint does not show a conveyance to Margaret A. Cantwell of any other or greater right than she possessed before it was executed. The deed (as the complaint states) conveyed a right " to pass and repass up and down *the passageway or stairway between the store owned by Margaret A. Cantwell and of the parties of the first part* hereto at all times in common with the parties of the first part hereto, for the purposes of going and returning to and from *the rooms in the upper part of said stores.*" The language above quoted should be deemed to apply to the rooms and stairway in the building *then standing,* and cannot be construed to convey a right in the space occupied by the stairs, or a right to rebuild after their destruction, or a right in a new stairway in a new building that might thereafter be erected by defendants. It is true that the conveyance was to Margaret A. Cantwell, *her heirs and assigns.* But the old building might have stood 100 years, and in that case the heirs or assigns of the grantee would have been entitled to the benefit of the conveyance. We think that the stairway referred to in the deed in question, *as set out in the complaint,* was the stair-

way existing when the conveyance was executed, and hence it did not appear from the allegations in the complaint that there was any conveyance of any easement in a new building to be erected after the destruction of the old one. There is no provision in the deed as so set out which would have compelled defendants to rebuild the west store, or if they did rebuild, to place a new stairway where the former one was, or which would have allowed plaintiffs to erect a new stairway on the failure of defendants to do so.

We are inclined to think, therefore, that the complaint failed to show any right on the part of plaintiffs to an easement in the stairway in question, and hence to state a cause of action, and on that ground the court below erred in sustaining the demurrer. (*Harvey* v. *Brisbin*, 16 N. Y. St. Repr. 42; *People* v. *Booth et al.*, 32 N. Y. 397.)

Assuming, however, that the complaint did state a cause of action, we think the answer contained denials of the averments therein which could not be properly held insufficient.

As we have seen, the complaint contained no copy of the deed from Coonley and Hughes to Cantwell. As far as it stated the contents of the deed, that instrument did not appear to convey to the grantee any easement in the land or in a new structure that might be erected after the destruction of the one standing. The complaint, however, alleged inferentially and in the way of a legal conclusion that plaintiffs, under the provisions of said deed, and by reason of all the circumstances set out in the complaint, became legally entitled to an easement in the new stairway.

To such a complaint so stating the cause of action, if any, we think the denials in the answer were sufficient, and that the demurrer thereto should not have been sustained. The answer is somewhat indefinite and obscure, and doubtless could have been corrected on a motion to make it more definite and certain, but it alleges that under said deed any right acquired by Margaret A. Cantwell, her heirs and assigns, terminated with the destruction of the old building; that the deed in question related to and only conveyed an easement in the old stairway and not in the new one. There being no copy of the deed in the complaint and only a partial statement of its provisions, as heretofore shown, the above denials in the answer raised an issue. Plaintiffs having alleged only the legal effect of

the conveyance in their statement of the cause of action, defendants in the answer could follow their example. The answer also denies the allegations of the complaint that plaintiffs had sustained damages to the amount of $200 or any other sum, and alleged that the defendants were the sole owners of the space occupied by the new stairway and of the right to use the same. The answer also denied that either in fact or law plaintiffs had the rights claimed by them in the new stairway, or any right, claim or easement or privilege in or over the same.

We think to the complaint in the action the answer should have been held sufficient, and hence that the judgment should be reversed and judgment rendered for defendants upon the demurrer of the plaintiffs to their answer, with the usual costs.

MAYHAM, P. J., and HERRICK, J., concurred.

Judgment reversed and judgment rendered for the defendants upon the demurrer to the answer, with costs and costs of this appeal.