[S. F. No. 7923.   Department Two.—February 23, 1918.]

ETHEL RUTH COHEN, Appellant, v. ADOLPH KUTNER COMPANY (a Corporation), et al., Respondents.

EASEMENTS—LICENSE—STAIRWAY—DESTRUCTION OF BUILDING.—An instrument granting a right of way over and up and down a stairway in a building owned by the grantor, whether it be called an easement or a license, conveyed no estate in the land, and terminated with the destruction of the building, although the privilege was referred to in the instrument as an easement, and was granted in express terms to the grantee, her heirs and assigns forever.

ID.—TERMINATION BY DESTRUCTION OF BUILDING.—Ordinarily the right of an adjacent owner to use part of a building for a special purpose terminates with the building's destruction.

APPEAL from a judgment of the Superior Court of Fresno County.   H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

Wise & O'Connor, for Appellant.

Barbour & Cashin, for Respondents.

MELVIN, J.—In this case defendants' demurrer to the complaint was sustained without leave to amend and judgment was accordingly entered.

Plaintiff sought by this action to quiet title to an alleged easement on the land adjoining her property which was owned by the defendants; for an injunction to restrain defendants from interfering with plaintiff's use of the said easement; for damages; and for other relief.   The essential facts set forth in the complaint are as follows: In 1885 W. D. Grady was the owner of lots 27, 28, and 29 of block 72 of the city of Fresno.   Defendants herein are his successors in interest.   On the Grady property was a building, and at one end of the building nearest to lot 30 was a stairway extending from the street to the second story of said building.   Eliza Ruth desired to purchase a part of lot 30 in block 72 adjoining the property of W. D. Grady and belonging to his infant son.   On February 6, 1885, Mr. Grady and Mrs. Ruth entered into an agreement whereby said Grady did "grant,

bargain, sell and confirm unto said" Eliza Ruth, and to her heirs and assigns forever, "a right of way in, over, down and up said stairway on said lot 29 in said block 72." Eliza Ruth purchased the part of lot 30 adjoining lot 29, erected a building thereon in accordance with the terms of the written agreement, made a doorway opening from her building on to the stairway in question, and she and her tenants used the said stairway from that time until the year 1915 when the Grady building was destroyed by fire. Defendants are about to erect upon their property a one-story building making no provision for the restoration of the destroyed stairway.

It is agreed by counsel on both sides that there is just one question involved in this case, namely: Did W. D. Grady, by the instrument referred to, grant to Eliza Ruth any estate in the land? In order to discuss this question it will be necessary to quote the essential parts of the writing made by Mr. Grady and Mrs. Ruth. By the terms of this writing Mr. Grady, party of the first part, "does hereby grant, bargain, sell and confirm unto said party of the second part, (Mrs. Ruth) and to her heirs and assigns forever, *a right of way in, over, down and up said stairway hereinbefore described on said lot 29 in said block 72 as aforesaid; for the said party* of the second part, her heirs and assigns and her and their servants and tenants, at all times *freely to pass and repass on foot or otherwise, from said public street in said Town of Fresno, to the landing of said stairway in the second story of said brick building of said party of the first part and from said landing to the said public street as aforesaid;* the said stairway being of the width of five feet and running from said I Street to the second story of said brick building belonging to the said party of the first part as aforesaid, and the said way shall be forever of the dimensions as aforesaid." The closing paragraph of the instrument is as follows:

"To have and to hold said easement and privilege to the said party of the second part, her heirs and assigns forever as appurtenant to said lot 30 in said block 72." Appellant insists that an easement was granted for the following reasons: First, the agreement refers to the right granted by Grady to Mrs. Ruth as an easement; second, the grant is in terms to her heirs and assigns forever; third, the *habendum*

clause states that she is "to have and to hold said easement and privilege to the said party of the second part, her heirs and assigns forever as appurtenant to said lot 30 in block 72," and, fourth, it is contended that the form of the entire instrument, which appears to be most carefully drawn, permits of but one interpretation, and that is that a grant of an interest in the land was intended. While it is true that the right granted is referred to in the document as an easement, respondents cite authority to the effect that the words "easement" and "license" are used indiscriminately even by courts, and that in interpreting documents of this kind courts look to the intent of the parties rather than to the mere choice of words. As was said in *Cook* v. *Chicago, B. & Q. R. R. Co.*, 40 Iowa, 451–456: "The distinction between a license and an easement is, oftentimes, very subtle and difficult to discern." But by whatever name we may call the right granted by the instrument in question it is clear that the parties to the contract did not intend to convey any interest in the land beyond that which was necessary for the maintenance of the stairway during its existence. We are convinced that upon the destruction of the building the right of the plaintiff to the use of defendants' property ceased. The authorities amply sustain this conclusion. Mr. Leonard A. Jones, in his treatise on Easements, at section 838, uses the following language:

"An easement in a building is extinguished by the destruction of the building, so that there is nothing upon which it can operate. An easement is an interest in real estate and survives the destruction of a part of the servient estate when there is anything remaining upon which the dominant estate may operate. If the right is a mere license, the fact of destruction is not material, since the denial of the right works a revocation, there being no such right as a license not subject to revocation and falling short of an easement. But a reservation on the sale of half a lot improved by a double building, of a right of way over the stairways of the other half, such as would be necessary to the proper use of the second story, does not create an interest in the soil which survives the destruction of the building." In support of his text he quotes *Shirley* v. *Crabb*, 138 Ind. 200–204, [46 Am. St. Rep. 376, 37 N. E. 130]. Another oft-quoted authority which sustains respondents' position is *Hahn* v. *Baker Lodge*

*No. 47*, 21 Or. 30, [28 Am. St. Rep. 723, 13 L. R. A. 158, 27 Pac. 166]. Defendant, in that case, owned a lodge hall in plaintiff's building, and as appurtenant thereto possessed an easement to a means of ingress and egress. The building was destroyed by fire and subsequently defendant undertook to exercise its supposed right of rebuilding the walls for the purpose of reconstructing an upper story and recreating a middle room in place of the one destroyed by fire. It was held that under the language of the grant to the defendant no interest in the property was given, and that upon the loss of the building the right to maintain the room vanished. Regarding the easement the court spoke as follows:

"The remaining question is, whether the easement for the purpose of ingress and egress was extinguished by the destruction of the building. The facts show that such easement was granted for the particular purpose of affording ingress and egress to the building. Without it, the principal thing (the room granted) would be practically useless. It was essential and necessary for the enjoyment of the room, and was granted on account of it. Nor is it of any use, within the purposes of the grant, without the existence of the room. In such case, the general rule, as stated by Mr. Washburn, is, that 'if an easement for a particular purpose is granted, when that purpose no longer exists, there is an end of the easement.' (Washburn on Easements, 654, 657.) When the reason and necessity for the easement ceased, within the intent for which it was granted, as it did when the building was destroyed by fire, it would logically result there was an end of the easement." In *Douglas* v. *Coonley*, 84 Hun, 158, [32 N. Y. Supp. 444], the conveyance under discussion granted, sold, and conveyed to Margaret A. Cantwell, her heirs and assigns, the right of way to pass and repass up and down the passageway or stairway between the store owned by said Margaret A. Cantwell and that of the grantors. The appellate division of the supreme court held that the easement continued only so long as the building of which the stairway was a part existed, and that it ceased with the destruction of the building. In that case it appeared, however, that the building had been reconstructed upon exactly the same lines as its predecessor, and the court of appeals reversed the judgment holding that under the peculiar circumstances of the case the easement had been

revived. (*Douglas* v. *Coonley,* 156 N. Y. 521, [66 Am. St.
Rep. 580, 51 N. E. 283].) That decision, however, is au-
thority in favor of respondents' position in the case at bar.
In the very able opinion by Mr. Chief Justice Parker, the
following language is used: "The Appellate Division re-
garded the case as controlled by *Heartt* v. *Kruger,* 121 N. Y.
386, [18 Am. St. Rep. 829, 9 L. R. A. 135, 24 N. E. 841].
That case is certainly authority for the proposition that
these plaintiffs had no right to insist upon a reconstruction
of the party wall or of the stairway. The buildings having
been destroyed without fault on the part of the defendants,
it was their right thereafter to make such use of the land as
should seem to them most conducive to their interests; they
could not by their own act affect the plaintiffs' easement,
but an outside force beyond the defendants' control having
destroyed the buildings and the major part of the party wall,
it was within their power thereafter to so use the land that
the plaintiffs' easement should not be revived. Had they
done so, a situation would have been presented within the
doctrine of *Heartt* v. *Kruger, supra.*" It is to be noted that
the terms of the grant in the Coonley case, and those of the
writing in the case before us, are very similar. Plaintiff's
predecessor in this case was granted "a right of way in,
over, down and up said stairway." While there was a
covenant for maintenance of the stairway at the width indi-
cated, there was no agreement to rebuild in case of its de-
struction and there can be, we think, no rational doubt that
the parties had not in contemplation the grant of any interest
in the real property as distinguished from the stairway
itself.

The use of the word "forever," in connection with the
words "heirs and assigns," adds no particular strength to
plaintiff's position. Doubtless that word would become
highly significant if defendants had reconstructed the build-
ing on its former lines without building a stairway similar
to the one destroyed by fire. But in the present state of facts
the word "forever" does not, as we have indicated, assist
plaintiff materially. Nor is the appurtenance made a per-
petual adjunct to the soil merely because it is specified as an
appurtenance in the grant. An appurtenance does not
remain a servitude for all time, but only during the existence
of the servient tenement. Where a mere right to use a part

of a building is granted, no proprietary interest in the land is conveyed, and upon this principle it has been held that one to whom is granted the right to construct a second story upon a building "to have and to own said second story" for his use perpetually does not thereby acquire any proprietary interest in the freehold of which such second story becomes a part. (*Thorn* v. *Wilson,* 110 Ind. 325, [59 Am. Rep. 209, 11 N. E. 230].) Generally speaking the right to the use of a particular part of a building for any special purpose by the owner of adjacent property terminates with the destruction of the building, and the courts will only hold otherwise in cases where a different intention is plainly manifested by the language of the grant. For example, the right to the use of a wall on a neighbor's property ends when the building of which the wall is a part is destroyed by fire. (*Bowhay* v. *Richards,* 81 Neb. 764, [19 L. R. A. (N. S.) 883, 116 N. W. 677].) And the supreme court of New Hampshire has held that the grantee of a right to grind at a corn mill cannot maintain an action against one owning the mill for not keeping it in repair. (*Bartlett* v. *Peaslee,* 20 N. H. 547, [51 Am. Dec. 242].) It is unnecessary to multiply authorities upon this point.

As we are convinced by an examination of the instrument pleaded by plaintiff that the intent of the parties thereto was that the easement over the stairway should be enjoyed only while the building existed, in its then present form, we agree thoroughly with the conclusions reached by the superior court.

The judgment is affirmed.

Wilbur, J., and Victor E. Shaw, J., *pro tem.,* concurred.

Hearing in Bank denied.