## JOSEPH J. BRECHET v. JOHNSON HARDWARE COMPANY.[1]

March 22, 1918.

No. 20,781.

**Easement — contract giving right to use stairway construed — loss of building by fire.**

A right given by the owner of a building to the owner of an adjoining building to use a stairway and passageway in the first building for access

[1] Reported in 166 N. W. 1070.

to the second floor of the adjoining building, does not grant an easement in the land, and is lost when the building, including the stairway and passageway, is destroyed by fire without the fault of the owner, and not restored by the construction of a new building and stairway in place of the old.

Action in the district court for Renville county to recover $5,000 for obstructing a passageway. The answer set out the contract mentioned in the opinion, alleged defendant's building and stairway, without its fault, were destroyed by fire, and defendant fastened the fire door in the opening in the partition wall, but that it necessarily did so in protection of its said property and for the purpose of preventing trespassers from entering therein. The case was tried before Daly, J., who made findings and ordered judgment in favor of defendant. From an order denying his motion to correct the findings and conclusions or for a new trial, plaintiff appealed. Affirmed.

*Charles J. Traxler,* for appellant.

*O. A. Allen, J. M. Freeman* and *L. J. Lauermann,* for respondent.

BUNN, J.

The Hector Lumber & Supply Company owned Lots 22 and 23, Block 3, in the village of Hector, and a two story brick building situated thereon. Plaintiff owned the adjoining lot and a two story brick building thereon. The two buildings had a common party wall. In 1899 the lumber company entered into a written contract, by the terms of which, in consideration of one dollar, the lumber company, party of the first part, "demised, leased and let" to plaintiff, his heirs, executors, administrators and assigns, "access to and the right, jointly with the said party of the first part, to use that certain stairway located in the northwest corner of the two story brick building of said party of the first part, * * * and the use of the passageway leading from the head of said stairway to the door which opens from the building of the said party of the first part to the building of the said party of the second part adjoining said building first aforesaid upon the north, for the period of ninety-nine years from the date hereof." The contract contained other provisions, but the only one that is material on the question in the case is that providing that the lumber company, its successors or assigns, agrees "to keep said

stairway and passageway in a good and tenantable and safe condition at all times during the term of this lease."

The stairway was constructed by the lumber company as a part of its building. It led from the street in front of the building to a passageway on the second floor, which passageway led to an opening or door in the party wall, thus furnishing plaintiff access from the street through the lumber company's building to the second floor of his own building. Pursuant to the contract plaintiff and defendant, which succeeded to the rights of the lumber company, used the stairway and passageway in common from the date of the contract to February 26, 1916, when the building of defendant, except the foundation, basement and the party wall, was totally destroyed by fire. The stairway was totally destroyed. Thereafter defendant erected a new two story building on the site of the old one, using the old foundation basement and party wall. It constructed a new stairway in the building in the same place and of the same general kind as the one destroyed by fire. Plaintiff claimed the right under the contract to use this new stairway, but defendant blocked up the opening in the party wall, and refused to allow plaintiff to use the stairway. The second floor of plaintiff's building is reached by a stairway inside the building, extending up from the rear end of the ground floor. Plaintiff has been damaged by defendant's refusal to permit him to use the stairway in question to the extent of $5 per month.

This action was brought to enjoin defendant from interfering with plaintiff's right to use the stairway and passageway, and to recover damages. The trial court found the facts substantially as above, and held that plaintiff was entitled to no relief. Plaintiff moved for amended findings and conclusions of law, and for a new trial. Plaintiff appeals from an order denying this motion.

Plaintiff contends that the contract created an easement running with the land for the entire length of the 99-year term, and that this easement was not lost by the destruction of the building or of the stairway or passageway. Defendant contends that the grant of the right to use the stairway and passageway in its building gave no interest in the soil which survived the destruction of the building, and that plaintiff acquired no right in the new building erected in place of the one destroyed.

The question thus stated must be determined by finding the intention

of the parties from the language of the contract construed as a whole. The contract employs the language of a lease; the first party "does demise, lease and let" to the second party, "access to" and " the right * * * to use that certain stairway," and the passageway leading from the head of the stairway to the opening in the party wall. The word "lease" is used. The word "easement" is not, nor is the word "grant." No mention is made of what the rights of plaintiff will be in case defendant's building is destroyed by fire. Plaintiff was given no right of way over defendant's land, other than the right of access to the second floor of his building by the use of the stairway and passageway. This right would naturally terminate with the destruction of the building in which the stairway and passageway were. No provision of the contract obligates defendant to build a new building in case of the loss of the old one, or to build a stairway to furnish plaintiff access to his second story. The contract does obligate defendant to keep the stairway in a "good and tenantable and safe condition at all times during the term of this lease." But it is hardly permissible to construe this provision as binding defendant to build a new stairway in case of the destruction of the building. Counsel for plaintiff makes some claim that defendant's building was not completely destroyed, and that the stairway was not. The evidence showed that all that remained was the basement, foundation, party wall, and the bottom step of the stairway, which step was of stone. We think the destruction was substantially complete, and that the fact that the fire did not destroy the portions mentioned is immaterial on the question before us.

The law is thus stated in 14 Cyc. 1194: "Where an easement has been granted for a particular purpose in connection with a particular building, it is extinguished by a destruction of that building. A grant of the right to use the hall or stairway of a certain building gives no interest in the soil which will survive a destruction of the building, and the right ceases whenever the building is destroyed without the fault of the owner of the servient estate, and the owner of the easement will not acquire any right in any new building which may be erected in the place of the one destroyed." The cases cited in support of the text are Shirley v. Crabb, 138 Ind. 200, 37 N. E. 130, 46 Am. St. 376; Bonney v. Greenwood, 96 Me. 335, 52 Atl. 786; Douglas v. Coonley, 84 Hun, 158, 32 N.

Y. Supp. 444; Hahn v. Baker Lodge, 21 Ore. 30, 27 Pac. 166, 28 Am. St. 723, 13 L. R. A. 158; Bartlett v. Peaslee, 20 N. H. 547, 51 Am. Dec. 242. These cases fully support the text. Counsel for defendant cites a great many cases, but we find nothing in any of them that conflicts with the rule quoted from Cyc. The cases of Bangs v. Parker, 71 Me. 458; Hottell v. Farmers Protective Assn. 25 Colo. 67, 53 Pac. 327, 71 Am. St. 109; Chew v. Cook, 39 N. J. Eq. 396, and Reynolds v. Union Savings Bank, 155 Iowa, 519, 136 N. W. 529, 49 L.R.A.(N.S.) 194, are readily distinguishable.

It is quite unimportant what name we give to the instrument in question. If it granted plaintiff an easement in the building of defendant, it clearly did not grant him an easement in the land, and the right granted was lost when the building burned, and not restored when defendant constructed a new building. The argument of counsel to the contrary is interesting, and goes quite fully into the law of the construction of grants and the characteristics of an easement. We do not understand that he disputes the rule as we have just stated it. His contention, in addition to the claim that the building and stairway were not completely destroyed, seems to be that the contract gave plaintiff the right to use the stairway and passageway as an independent structure, and not as a part of defendant's building. We have duly considered this argument, and do not find it persuasive enough to take the case out of the principle stated. The fact is undisputed that the stairway and passageway were in the building and parts of it. Without further analyzing the able argument of counsel for plaintiff, which we have considered carefully, we conclude that the trial court correctly disposed of the case.

Order affirmed.