[Civ. No. 2904. Second Appellate District, Division Two.—June 7, 1919.]

DAVID MUZIO et al., Appellants, v. META J. ERICKSON, as Executrix, etc., et al., Respondents.

[1] EASEMENTS — RIGHT TO USE STAIRWAY — EFFECT OF DESTRUCTION OF STAIRWAY.—A grant of the right to use the stairway of a building gives no interest in the soil which will survive the destruction of the building, and the right ceases whenever the building is destroyed without the fault of the owner of the servient tenement, and the owner of the right to use the stairway will not acquire any right in any new building which may be erected in the place of the one destroyed.

[2] ID.—INSUFFICIENT LANGUAGE TO CREATE EASEMENT.—A provision in a deed that "there shall be perpetually kept open a stairway leading from Monterey Street, at the southern corner of the above-

2. Mode of creation of easements, note, 136 Am. St. Rep. 689.

described lot, over the lands of the party of the first part [the grantor]; said stairway to be kept as the same now is . . . ; said stairway to be used in common by the parties hereto," is wholly insufficient to create an easement in the soil over which such stairway is built. An easement can be created only by grant, either express or implied from necessity, estoppel, or long enjoyment amounting to prescription presupposing a grant.

[3] ID.—AGREEMENT TO KEEP STAIRWAY OPEN—DUTY TO REBUILD UPON DESTRUCTION.—The provision in such deed that the stairway "shall be perpetually kept open" does not constitute an agreement by the grantor to rebuild in case of the destruction of the stairway.

[4] ID.—PLEADING—MATERIAL ISSUE—JUDGMENT—COSTS.—Where, in an action to quiet title to certain land and an easement in the adjoining land, the complaint, which is not verified, does not present, as separate and distinct issues, the title to the property and the title to the easement in the adjoining land, the defendants deny that plaintiffs are the owners of the land with the easement, and deny that they claim any interest in the land with the easement, the only material issue raised is as to the existence of the alleged easement, and the court having found in favor of the defendants on this issue, they are entitled to judgment for their costs.

APPEAL from a judgment of the Superior Court of San Luis Obispo County. E. P. Unangst, Judge. Affirmed.

The facts are stated in the opinion of the court.

Wm. Shipsey for Appellants.

Haven & Athearn and Albert Nelson for Respondents.

FINLAYSON, P. J.—This is an appeal by plaintiffs from a judgment in favor of defendants in an action to quiet title to an alleged easement. Plaintiffs claim that the servient tenement is a parcel of land now owned by the estate of Charles Erickson, deceased, and which adjoins plaintiffs' land.

The essential facts, as shown by the findings, which are not attacked, are as follows: Nathan and Isaac Goldtree were the owners of a parcel of land in block 14 of the city of San Luis Obispo fronting on Monterey Street. On August 21, 1882, the Goldtrees, by grant deed, conveyed to one Oaks the westerly part of this tract, retaining the easterly part. For convenience, the part so conveyed to Oaks

will be designated as the "Oaks lot," and the part retained by the Goldtrees as the "Goldtree lot." By mesne conveyance, plaintiffs have become, and are, the owners of the Oaks lot, and Charles Erickson, since deceased, became the owner of the Goldtree lot. Defendant Meta Erickson is the executrix of the last will of Charles Erickson, deceased. The other defendants are lessees of the Goldtree lot. At the time of the conveyance to Oaks, there was a two-story frame building on the Oaks lot. This building fronted on Monterey Street and was built up to the property line between the two lots. At that time there was also a two-story frame building on the Goldtree lot. This building also fronted on Monterey Street. On the Goldtree lot, and between these two buildings, was a little alley—a space about five or seven feet wide. Occupying a portion of the width of the alley, and entirely on the Goldtree lot, was·a stairway, four or five feet wide, built against the wall of the Oaks building. This stairway began at a platform, a step or two high, about five feet back from the front of the building. It ran back some twenty or twenty-five feet to more steps, which extended on back toward the rear of the buildings some twelve feet farther, and arose to another platform about .eight feet high, whence steps led to the right and left, respectively, into the second story of each building.

In the deed from the Goldtrees to Oaks was the following clause: "Also, there shall be perpetually kept open, *as a perpetual easement to the above described land,* a stairway leading from Monterey Street, at the southern corner of the above described lot, over the lands of the party of the first part; said stairway to be kept as the same now is; *that is to say, the right given herein shall embrace no more land than is now used for the stairway now there;* said stairway to be used in common by the parties hereto." (The italics are ours.)

All the parties hereto claim under the Goldtrees as their common source of title. Appellants' claim rests upon the contention that the above-quoted provision of the deed from the Goldtrees to Oaks vested in Oaks, and in themselves as the successors of Oaks, a perpetual easement in the soil of the Goldtree lot. Respondents contend that the right or interest created by this provision of the Oaks deed was not

an easement, which is an interest in land, but was an interest in the stairway, a right to the use of the stairway, a right which, for want of a better designation, may be called an easement in the stairway on the Goldtree lot. The true construction of this clause in the deed is the crux of the case, both buildings, including the stairway, having been entirely destroyed by fire years before the action was commenced—the Oaks building in or about 1900, and the Goldtree building on February 13, 1903.

In 1909, which was some years after fire had destroyed both of the former buildings, defendant Northrup and one Gallagher, tenants of Erickson, erected on the Goldtree lot a double, one-story corrugated iron building, fronting on Monterey Street. Though this building was not built right up to the dividing line between the two lots, it was, at its front end, but fourteen inches from the division line, and, as it extended back from Monterey Street, it receded farther from the line between the two lots, so that, at a distance of about one hundred feet back from its front, this new building on the Goldtree lot was about five feet four inches easterly of the line between the two lots. In 1912 appellants, having in that year acquired the Oaks lot, built thereon a two-story brick building that covered their entire lot from its front to a depth of about one hundred feet. While they were constructing this building, appellants demanded of respondents that they be permitted to erect on the Goldtree lot, in the space formerly occupied by the alley between the two lots, a new stairway, reaching from Monterey Street to the second story of their new brick building. Upon respondents' refusal to comply with their request, appellants brought this action.

It is the established doctrine that where a mere right to use a part of a building is granted, no proprietary interest in the land is conveyed. [1] Upon this principle it has been held that a grant of the right to use the stairway of a building gives no interest in the soil which will survive the destruction of the building, and the right ceases whenever the building is destroyed without the fault of the owner of the servient tenement, and the owner of the right to use the stairway will not acquire any right in any new building which may be erected in the place of the one destroyed. An easement, in the true sense of the word, is an

interest in real estate, and survives the destruction of a part of the servient tenement when there is anything remaining upon which the easement may operate. But a right in the nature of "an easement in a building," as it is sometimes called, is extinguished by the destruction of the building, or the part thereof upon which the easement is imposed, so that there is nothing upon which it can operate. (*Cohen* v. *Kutner Co.,* 177 Cal. 592, [L. R. A. 1918D, 410, 171 Pac. 424]; *Brechet* v. *Johnson Hardware Co.,* 139 Minn. 436, [L. R. A. 1918D, 691, 166 N. W. 1070]; *Shirley* v. *Crabb,* 138 Ind. 200, [46 Am. St. Rep. 376, 37 N. E. 130]; 14 Cyc. 1194.)

Appellants insist that by the language of the deed from the Goldtrees to Oaks an easement in the soil was created, and not merely a right to use the stairway, and that, therefore, the easement was not lost by the destruction of the buildings and stairway. We think, however, that Oaks was given no easement in the land of the Goldtree lot—the land now occupied by respondents—nor any right other than the right of access to the second floor of the building on the Oaks lot by the use of the stairway—a right that would naturally terminate by the destruction of the buildings and stairway.

In the above-quoted excerpt from the deed to Oaks, we have italicized the words upon which appellants mainly rely to sustain their claim that there was thereby created an easement in the soil of the Goldtree lot. Without these italicized words—words which appellants claim indicate an intention to create an easement in the soil—the deed to Oaks unquestionably would be insufficient to create an easement in the land. **[2]** The language of the deed with the italicized words omitted is: "There shall be perpetually kept open . . . a stairway leading from Monterey Street, at the southern corner of the above described lot, over the lands of the party of the first part; said stairway to be kept as the same now is . . . ; said stairway to be used in common by the parties hereto." This language is wholly insufficient to create an easement in the soil of the Goldtree lot. It is not the language of a grant. Every easement, being an interest in land, can be created only by grant, either express or implied from necessity, estoppel, or long enjoyment amounting to prescription presupposing

41 Cal. App.—27

a grant. (*McDaniel v. Cummings,* 83 Cal. 515, 518, [8 L. R. A. 575, 23 Pac. 795] ; *Pinheiro* v. *Bettencourt,* 17 Cal. App. 111, 119, [118 Pac. 941] ; 14 Cyc. 1159; 9 R. C. L. 745.) The language of the deed, without the italicized words, is no more than a covenant to keep open a stairway for convenient access to the second story of the building on the Oaks lot. The italicized words—the words upon which appellants principally rely—while they may render some aid to the construction for which appellants contend, serve only to make the intention of the parties uncertain. For they are not such explicit words of grant as to indicate an unmistakable intention to grant an interest in land. The rule is that if the language of an instrument be uncertain and ambiguous, it is to be taken by its four corners, and read in the light of the circumstances surrounding its execution and the situation of the parties. If the instrument be one which, it is claimed, creates an easement, the language is to be interpreted according to the apparent purpose of protection or advantage to the several estates concerned. If we consider the situation of the parties, their surroundings and their apparent purpose to afford any tenant of the second story of the building on the Oaks lot the advantage of the use of the stairway upon the Goldtree lot, we think it clear that the parties did not intend to convey any interest beyond that which was necessary to the use and maintenance of the stairway during the existence of the two buildings. No provision in the deed obligated the grantors, the Goldtrees, or their successors, to build a new stairway in case of the loss of the old one. **[3]** The deed does provide that there "shall be *perpetually kept open* . . . a stairway"; but it is hardly permissible to construe this language as an agreement to rebuild in case of the destruction of the stairway. (*Brechet* v. *Johnson Hardware Co.,* 139 Minn. 436, [L. R. A. 1918D, 691, 166 N. W. 1070].) The words "easement" and "perpetually" do not add any particular strength to appellants' position. The words "easement" and "license" are used indiscriminately even by the courts; and in interpreting documents of this kind courts look to the intent of the parties, as gathered from the circumstances confronting them, rather than to the mere choice of words. (*Cohen* v. *Kutner Co.,* 177 Cal. 592, [L. R. A. 1918D, 410, 171 Pac. 424].) The word

"perpetually," like the word "forever," does not assist appellants' contention. (*Cohen* v. *Kutner Co., supra.*) By whatever name we call the right granted by the instrument in question, it is clear that it did not grant Oaks or his successors an easement in the land, but that the intent of the parties was that the easement over the stairway, or the right thereto, by whatever name we call it, should be enjoyed only while the buildings and the stairway existed in their then form.

[4] The judgment provides that plaintiffs recover no costs, and that defendants have judgment for their costs, taxed at forty dollars. The point is made by appellants that inasmuch as they were adjudged to be the owners in fee of the Oaks lot, they were entitled to costs as a matter of right, under the authority of *Sierra Union etc. Co.* v. *Wolff,* 144 Cal. 430, [77 Pac. 1038], and *Gibson* v. *Hammang,* 145 Cal. 454, [78 Pac. 953], wherein it is held that, under section 1022 of the Code of Civil Procedure, a plaintiff is entitled to his costs in an action to quiet title if he have judgment in his favor for only a part of the property, and the answer has put in issue the title to the whole property. We do not think that these cases are applicable. Appellants' complaint, which was not verified, did not present, as separate and distinct issues, the title to the Oaks. lot *and* the title to the alleged easement in the Goldtree lot. The allegations of the complaint are: Plaintiffs . . . acquired from said Oaks the said Oaks lot *with* its appurtenances, including the aforesaid easement"; also that "Charles Erickson acquired from said Goldtrees the said Goldtree lot, *but subject to said easement"; also that "*defendants, and each of them, claim some right, title or interest in or to said Oaks lot *with* its appurtenances, including said easement over said Goldtree lot, . . . but said claim . . . is without right." The cases relied upon by appellants would have been applicable if respondents, in their answer, had denied that appellants had title to *any part* of the estate of which they alleged themselves to be owners. Instead, respondents' answer was a general denial, coupled with the affirmative defense that plaintiffs are estopped for the reason that they made no objection to the construction of the new building "upon the land over which plaintiffs now claim to have an easement," i. e., the Goldtree lot.

The complaint being unverified, defendants were entitled to make a general denial. The denial, though general, was no more than a denial that plaintiffs are the owners of the Oaks lot *with* the easement, and a denial that defendants claim any interest in or to the Oaks lot *with* the easement. Each of these denials accords with the actual facts of the case.

Construing the answer as a whole, we think that the only material issue was as to the existence of the alleged easement, and as to this the judgment was in favor of respondents, who, therefore, under section 1024 of the Code of Civil Procedure, were entitled to their costs. A like conclusion was reached in *Weller* v. *Brown,* 25 Cal. App. 216, 221, 222, [143 Pac. 251], under a somewhat similar situation.

Judgment affirmed.

Sloane, J., and Thomas, J., concurred.