# CHARLESTON.

LAURA V. HONAKER *et als. v.* G. N. WRIGHT
(No. 6629)

Submitted February 4, 1930. Decided February 11, 1930.
(Rehearing Denied March 4, 1930.)

*John R. Pendleton,* for appellees.
*Hugh G. Woods,* for appellant.

LITZ, JUDGE:

By deed dated November 20, 1920, W. B. Honaker and Laura V. Honaker, his wife, conveyed to J. M. Randish and Daisy D. Randish, his wife, with covenants of general warranty of title, a rectangular parcel of land situated in the city of Princeton, Mercer County, West Virginia, three hundred feet by three hundred and thirty feet, and part of a tract designated "W. B. Honaker Reservation." The deed provided "that the private road or passway now running through the W. B. Honaker Reservation from Main Street to Honaker Avenue, which lies to the west of the property hereby conveyed, shall be kept open as a road or passway for the use and benefit of the property hereby conveyed and the residue of the said W. B. Honaker Reservation lying west of said road or passway until such time as an alley shall be opened through the entire W. B. Honaker Reservation running east and west from Johnson Street to Karnes Street, and, until such time each of the said parties hereto, their heirs and assigns, shall have the right to use the said road or passway for the benefit of their respective properties." The Randishes sub-divided

the granted land into twelve lots numbered from 1 to 12, inclusive, and separated into two tiers, of six lots each, by a twenty-foot alley, "running east and west from Johnson Street to Karnes Street"; and by deed dated April 9, 1921, conveyed lots 11 and 12 to Nellie J. Osborne. She, in turn, granted lot 12 to defendant, G. N. Wright. Having become the owner also of lot No. 11, he erected a residence on the two lots, and in March, 1928, obstructed that portion of "the private road or passway" embraced within lot 12 by enclosing the lots. W. B. Honaker having died in 1927, this suit was instituted by his widow and heirs at law for the purpose of requiring the defendant to remove said obstruction and of restraining him from further obstructing said road or passway. The decree, complained of, requires the defendant to remove the obstruction and restrains him from further obstructing said way until such time as an alley shall be opened through the entire W. B. Honaker Reservation running east and west from Johnson Street to Karnes Street. The accompanying sketch illustrates the situation:

The "W. B. Honaker Reservation," bounded on the north by Honaker Avenue, on the west by Karnes Street, on the south by Main Street, and on the east by Johnson Street, is embraced within the solid lines. "The private road or passway" is within the parallel solid lines extending diagonally from Main Street to Honaker Avenue. The land conveyed by Honakers to the Randishes is the eastern portion of the W. B. Honaker Reservation separated from the remainder by the dotted line. The twenty-foot alley extending from Johnson Street to "the private road or passway" and the lots laid out by Randishes are defined by the broken lines.

The plaintiffs contend that notwithstanding the alley contemplated in the deed of November 20, 1920, has long since been established over the land conveyed thereby, they may, nevertheless, by refusing to extend it through their own property, perpetuate a servitude over that portion of the private road or passway within the granted land. The language of the deed, in the light of the surrounding circumstances, clearly indicates that the parties intended only a temporary easement over the existing passway for the benefit of their respective lands, to continue until they should open an alley running east and west through the properties. The establishment of the alley by Randishes over their land released it from the servitude of said passway. To hold that Honakers and their successors may continue the easement of the old way after the establishment of the alley by Randishes over their land is to ignore the symmetry of the respective properties under the conveyance. If the grantors had intended to retain a perpetual easement over that portion of the passway within the land conveyed for the benefit of the remaining property, why would they have conveyed any part of it? "In accordance with the well settled rule of construction, conditions, reservations, and restrictions in favor of the grantor are to be construed most strongly against him." 19 C. J. 911. "When the reason and necessity for the easement cease, within the intent for which it was granted, the easement is ex-

tinguished." *Hahn* v. *Baker Lodge No. 47,* 21 Ore. 30, 28 A. S. R. 723.

The decree is reversed and the bill dismissed.

*Reversed and dismissed.*