[L. A. No. 7551. In Bank.—December 31, 1926.]

CHESTER R. PYLE COMPANY (a Corporation), Appellant, v. MRS. KATE FOSSLER et al., Respondents.

[1] BUILDING CONTRACTS — ACTION TO FORECLOSE — SUFFICIENCY OF EVIDENCE—FINDINGS.—In this action to foreclose a written contract in the nature of a mortgage for the construction of a building, it is held that the evidence was sufficient to sustain the findings, that the court made all appropriate findings, and that there were no errors of law occurring at the trial which would warrant a new trial of the case.

[2] ID.—OMITTED FINDING.—Omission to find upon an issue, when such finding would not necessitate any change in the judgment, does not warrant a reversal or a new trial, as, if findings are made upon issues which determine the case, other issues become immaterial, and a failure to find thereon does not constitute prejudicial error.

[3] ID. — DEVIATION FROM CONTRACT — WAIVER. — Waiver always rests upon intent and knowledge, and it is held in this case that there was neither an express agreement nor such conduct on the part of the defendants, under the facts found, as would show a waiver by the defendants of the condition of the contract requiring deviations and changes to be ordered in writing.

(1) 4 C. J., p. 878, n. 81.   (2) 4 C. J., p. 1059, n. 5, p. 1060, n. 13; 38 Cyc., p. 1969, n. 99.   (3) 21 C. J., p. 1116, n. 63; 40 Cyc., p. 259, n. 3, p. 261, n. 13, p. 269, n. 49.

APPEAL from a judgment of the Superior Court of Los Angeles County. L. H. Valentine, Judge. Affirmed.

The facts are stated in the opinion of the court.

Tanner, Odell & Taft for Appellant.

Roy V. Rhodes and Wilbur Bassett for Respondents.

WASTE, C. J.—Plaintiff brought an action to foreclose a written contract in the nature of a mortgage for the construction of a building for the defendants and respondents. Prior to the commencement of the action, defendants made

2.  See 24 Cal. Jur. 943.
3.  See 25 Cal. Jur. 927.

an offer in writing to pay plaintiff the sum of $1,000, in addition to the sum of $2,500 theretofore paid, in satisfaction of any and all claims under the contract. The offer, accompanied by a sufficient tender, was refused, and the defendants subsequently paid the money into court. The trial court, by its judgment, decreed that plaintiff take nothing by the action, save and except the sum of $1,000, and that the defendants recover their costs. [1] From this judgment the plaintiff appealed, citing insufficiency of the evidence, lack of proper findings, and errors of law occurring at the trial.

The appellant is a corporation carrying on a general contracting and building business. During the year 1918 the defendants, a mother and four daughters, sold their home in Nebraska and came to California, the mother, Mrs. Kate Fossler, about seventy-five years of age, and ill and weak, and two daughters, planning to live here. They had received $5,000 from the sale of the Nebraska property, which was all the money they had. With this modest amount to invest, they sought to buy a home in Pasadena. While in search of such an investment, and looking at houses already built, they came in contact with the appellant. One of its agents suggested to defendants that, instead of buying a home already constructed, they purchase a lot for $2,000, and erect thereon a house and garage similar to one already constructed with which they were familiar. He assured them that the desired structure could be built for a sum not to exceed $3,000. Acting on the advice of plaintiff, through its agent, the defendants purchased the lot, and agreed with the plaintiff that it should erect thereon a dwelling-house, garage, and other improvements "at a cost of approximately $3,000."

A contract was thereupon prepared by the plaintiff and submitted to the defendants. It provided that whereas the defendants had agreed to hire, and contract with the plaintiff to erect a dwelling-house, garage, and other improvements, the defendants would furnish the money therefor, in specified payments, the plaintiff to furnish all things required to complete a "one-story dwelling including an attic, a garage and such other improvements" as might be ordered by the defendants, "according to plans and specifications

and drawings" to be prepared by the plaintiff, "and agreed upon, and when agreed upon to be signed and approved by at least three of the" defendants. The contract further provided that the defendants might, during the progress of the work, request alterations, additions to or omissions from the contract and plans and specifications, and also that, should the superintendent of construction order necessary changes or deviations, the same should in no way make void the contract, but any increased cost thereof should be added to the amount specified as the cost on which the compensation of the builder should be computed. By another stipulation, it was understood and agreed that the cost of the building and improvements ordered or contemplated in the contract and plans and specifications, or incurred by any changes made by the defendants, might be more than the amount specified in the contract, and, if so, the defendants should furnish the necessary money to complete the building, but the plaintiff should have the right to furnish any money at its option to construct and complete the improvements, all such amounts, so advanced, to be deemed secured by the contract, "as a lien on said premises in the nature of a mortgage." In consideration for any advancements and for its services, plaintiff was to be paid a sum equal to ten per cent of the cost of the building and improvements.

When the contract was presented for signing, the defendants called attention to the fact that it contained no provision as to the total maximum amount which the improvements would cost them, and did not provide that changes and alterations should be ordered in writing. The contract was thereupon taken away by plaintiff and when again presented contained the provision for the erection of "a dwelling-house and garage and other improvements at a cost of approximately $3000.00," and that all changes and alterations should be ordered in writing. Not "knowing anything about contracts," and desirous of being properly advised, the defendants requested the name of a lawyer, and were sent by plaintiff to its own attorney. The defendants did not know of the relation of the attorney to the plaintiff, and one of them went to him for advice. He advised that the contract "was all right," but does not

appear to have had any other connection with the transaction in its inception.

In apparent performance of the contract executed by the parties, the plaintiff erected a dwelling-house and garage on the lot of the defendants, but departed widely from the plans and specifications first presented to the defendants, and demanded payment for the completed improvements in the sum of $12,118.39. The defendants claim that then, for the first time, they learned that they were not getting a house and garage at a cost of approximately $3,000. On this point the evidence is contradictory. Appellant's superintendent of construction, who drew the plans and specifications, and who appears to have conducted most of the negotiations with the defendants, testified that he showed the defendants plans for a six-room frame house, and told them that it could be built for approximately $3,000; that prior to the signing of the written agreement no plans had been perfected and no specifications had been drawn; that plaintiff a week later submitted a pencil sketch of plans for a frame building, and he was told to prepare plans along the lines shown on it; that certain changes in the sketch were suggested by the defendants; plans and specifications were subsequently prepared by him; that he frequently talked with defendants during the construction, and told them "that changes would cost more money than what the contract called for." In this connection, however, it must be borne in mind that the defendants were at all times planning and thinking in terms of improvements to cost approximately $3,000, all the money they had. They had been shown such a house by appellant's superintendent. He prepared a pencil sketch, apparently of a house that could be erected for that sum. On the witness-stand he admitted that he gave defendants no figures regarding the cost of the house finally settled upon, and shown on the blue-prints furnished by him. There is evidence on the part of the defendants that when the changes from the pencil sketch were talked over, appellant's superintendent assured the defendants that appellant had on hand some old or "left over material," by the use of which the house finally decided upon could be built within the original estimate. The evidence is in sharp conflict as to what was said and done

by the parties in relation to changes made after the plans were signed, and during the progress of the work.

The findings appear to have been made largely in response to the issues raised by the third and special defense interposed by the defendants. The court found that the officers and agents of the plaintiff were skilled and experienced in the building business, and were accustomed to drawing and entering into contracts similar to that entered into by the defendants; but, on the other hand, the defendants were without business experience or skill, and were without knowledge regarding the erection of buildings and improvements or the cost thereof, or the matter of contracts similar to that entered into by them. As shown by the testimony of defendants' experts, the improvements, as originally planned, would probably have cost $6,000, and, as finally completed, should have cost approximately $8,000. The evidence clearly shows that had these facts been known to the defendants they would not have entered into the contract. During all the preliminary negotiations they made it plain that they would not do so if the cost to them should exceed the sum of approximately $3,000. It is equally clear that they would not have contemplated costly additions to and changes in the work. The court also found that, in entering into the contract, the defendants believed and relied on the representations of plaintiff that the improvements contemplated by them would be built for the sum of approximately $3,000, and that prior to the time at which the improvements were substantially completed plaintiff did not inform or disclose to defendants, nor did defendants have any knowledge that the total cost of construction, according to the plans and specifications made and first approved by them, or as subsequently modified, would exceed the agreed sum of approximately $3,000. The court also found the defendants did not order in writing any changes or alterations in the plans previously agreed upon, and did not agree to any deviation from the plans and specifications as originally submitted to them, which they knew or believed would increase the cost of the improvements above the maximum price fixed by the contract. There is another finding that, before making the many changes in the character of the improvements, the plaintiff never made or furnished to the defendants any

estimate of the increased cost thereof, nor informed them that such ·changes from the plans and specifications would increase the total cost of construction, and the defendants understood and believed that the changes would not increase the cost of construction beyond the amount specified in the contract.

The trial court found, as the ultimate fact, that an additional sum of $500 over and above the sum of $3,000 was, "in contemplation of the provision in said contract that the dwelling-house, garage and improvements should be constructed at a cost of approximately three thousand dollars, . . . adequate, just and full compensation from defendants to plaintiff for all changes, alterations, additions to and deviations from said plans and specifications made by or with the consent of the defendants, or any of them, after said plans and specifications were approved"; and "that the total sum of thirty-five hundred dollars is adequate, just and full compensation for all sums due from defendants to plaintiff." The offer and tender of the defendants, and the subsequent deposit in court, being of the exact amount found due, the plaintiff was not entitled to its costs.

[2] The appellant advances a number of reasons why the judgment should be reversed. They are that the trial court failed to find the total cost of the building and improvements, or the cost of the various changes in construction, and did not find and allow it compensation at the rate of ten per cent of the cost, as provided in the contract, and did not find and allow it a reasonable attorney's fee for the prosecution of the action. It also argues that the trial court attempted to find the reasonable value of the improvements constructed, which, it contends, is not an issue presented by the pleadings. In answer, it need only be said that an omission to find upon an issue, when a finding would not necessitate any change in the judgment, does not warrant a reversal or a new trial. If findings are made upon issues which determine the case, other issues became immaterial, and a failure to find thereon does not constitute prejudicial error. (24 Cal. Jur., pp. 943, 944.) The probative and the ultimate facts here found properly and completely dispose of the material issues of this case. [3] The contention that the court did not find on an issue, raised by an amendment to

the complaint, that the defendants waived the condition of the contract requiring deviations and changes to be ordered in writing, and consented that they be made, and accepted the benefits thereof, is answered by the findings taken as a whole. Waiver always rests upon intent and knowledge. There was, in this case, neither an express agreement nor such conduct on the part of the defendants, under the facts found, as would warrant an inference of any relinquishment on their part.

We have considered the various contentions of the appellant as to the sufficiency of the evidence, and the lack of appropriate findings, as well as the specifications of error in law occurring at the trial, and do not find that they warrant a new trial of the case.

The judgment is affirmed.

Richards, J., Shenk, J., Curtis, J., Sullivan, J., and Seawell, J., concurred.

Rehearing denied.