Certiorari to review an award of the Industrial Accident Commission. It appears from the petition that on or about April 20, 1926, respondent Thomas J. Lee filed application for adjustment of claim with the Industrial Accident Commission against respondents Allen Bros., Inc., and Federal Mutual Liability Insurance Company, its insurance carrier, wherein he alleged that on December 3, 1923, *Page 185 
while employed as a rigger by Allen Brothers, he sustained injuries arising out of and in the cause of his employment in the following manner, "slacking of rope and felt my back give way," and further alleged that his injury consisted of a back strain; that the employer's insurance carrier at the time of the injury was Associated Industries Insurance Company; that in consequence of such injury he suffered disability from December 3, 1923, to March 18, 1924, and was paid disability indemnity for such period and furnished medical treatment by Associated Industries Insurance Company. It further appears that on April 17, 1926, while still employed by Allen Brothers in the same character of work, he sustained injury arising out of and in the course of his employment in the following manner, "rolling big timbers and strained back," and that at the time of the injury on April 17, 1926, the employer's insurance carrier was Federal Mutual Liability Insurance Company; that he left his work on April 17, 1926, and was still disabled at the time of the filing of his application. The employee prayed that the respondent Commission determine which insurance carrier was liable for the benefits under the Workmen's Compensation Insurance and Safety Act during the disability following April 17, 1926. Thereafter Associated Industries Insurance Corporation was joined as a defendant, and it filed its answer to said application admitting that it was the insurance carrier for the employer on December 3, 1923, and further admitting that it had paid compensation to the employee for disability from December 3, 1923, to and including March 18, 1924, but denying that the disability claimed in the application was due to injury on or about December 3, 1923. Upon due notice a hearing of the employee's application was had on July 1, 1926, before Referee Harris, of respondent Industrial Accident Commission, and testimony was taken upon the issues raised, medical reports were filed and the matter submitted for decision. It is claimed that upon such hearing that the evidence established without conflict the following facts: That on December 3, 1923, the employee while in the course of his employment for Allen Brothers fell over a gear wheel, and that a few days thereafter while slacking up on a guy rope his back gave way acutely without any apparent cause. That the employee was thereafter disabled from his work *Page 186 
up to and including March 18, 1924, and that during that period he was furnished medical treatment for his back and was paid disability indemnity by petitioner herein. That on March 18, 1924, he returned to work for Allen Brothers, and was employed steadily up to April 17, 1926, with the loss of but two or three days' time shortly after he returned to work. That about a week prior to April 17, 1926, his back began bothering him again. At this time his duties required him to lift and move heavy timbers, in consequence of which he strained his back and was unable to work thereafter. That the medical testimony deduced and reports received in evidence showed that the employee was suffering from strain of the lumbar muscles and a sacroiliac arthritis. The petition then alleges that on September 16, 1926, respondent Accident Commission issued its findings and award in which it was determined that the employee sustained injury on December 3, 1923, in the nature of a back strain and that disability indemnity from that time to and including March 16, 1924, had been paid. It was further found that the employee sustained an injury on April 17, 1926, in the nature of a back strain, and that such employee was still partially disabled at the time of the filing of the award as a result of the back strain of April 17, 1926, and thereupon indemnity was awarded in favor of the employee and against Federal Mutual Liability Insurance Company for all disability following April 17, 1926. Thereafter this insurance carrier served and filed its petition for rehearing, and the injured employee also filed a like petition, contending that the evidence did not justify the findings of fact and alleging that he had discovered new evidence in the nature of a report of Doctor Johnson, who had been treating him. The Commission granted these petitions. A hearing was then had before Referee Crowell of respondent Commission and additional testimony was given by the employee, and also by Doctor Johnson, who testified that he believed the disability had resulted from the old condition in 1923. The Commission thereafter issued its decision on rehearing by which it was found as a fact that the employee sustained injury on December 3, 1923, occurring in the course of his employment in the following manner "while taking up slack in the rope he suffered a strained back." It further found that on April 17, 1926, *Page 187 
said injury of December 3, 1923, caused new and further disability and that the employee was totally disabled from and after April 17, 1926, to and including July 28, 1926, and thereafter partially disabled up to the date of the award and continuing, and in said decision the Commission issued its award against petitioner herein, Associated Industries Insurance Company, for all the disability and dismissed Federal Mutual Liability Insurance Company and Allen Brothers from the proceedings. The Associated Company filed its petition for rehearing on said decision in which it alleged that the Commission acted without and in excess of its powers and that the evidence did not justify the findings. This petition was denied and the present proceeding was instituted. It is not here claimed that the employee is not entitled to the benefits he has received under the award. Petitioner admits that the employee is now very seriously disabled as the record shows that he is facing bone graft surgery on his spine. It is apparent from the facts as recited that the controversy is one between the different insurance carriers. [1] It is petitioner's contention that the record shows beyond all question that the applicant suffered an injury on April 17, 1926, and the Commission should have so determined, and this being so it was error in finding that the disability suffered by the employee since April 17, 1926, was proximately caused by the injury occurring December 3, 1923, when the applicant was slacking up on a rope. It is further claimed that the Commission also erred in failing to make any finding whatsoever concerning the injury of April 17, 1926, which it is contended was clearly the cause of the employee's present disability. There is no merit in either of the objections. The issue presented to the Commission for its decision was whether the employee's disability subsequent to April 17, 1926, was caused by an injury happening upon that date, or was a new and further disability caused by the original injury of December 3, 1923. The Commission found that the applicant "on December 3, 1923, sustained injury occurring in the course of his employment arising out of his employment . . ." The second finding of fact is, "On April 17, 1926, said injury caused new and further disability." These findings are fully supported by the evidence. The employee testified in substance that his back *Page 188 
was never strong after the original injury he suffered and that he had never felt the same as he did before he was hurt; that at times he was compelled to quit work; that about a week before the incident of April 17, 1926, he noticed his back becoming worse and that the pains which he suffered were located in the same place as the pains he suffered in December, 1923; that the soreness was growing worse, until April 17, 1926, when he collapsed. There was medical testimony to show that the applicant had never completely recovered from his original injury and that such injury was the proximate cause of his disability, and the second alleged injury was merely the occasion for him to know that he had further trouble with his back. It thus appears that there is substantial evidence to support the findings of the Commission that the injury of December, 1923, was the cause of and contributed to the disability suffered from and after April 17, 1926. Nor is there any merit to petitioner's contention that the Commission erred in failing to make an express finding relative to the disability suffered April 17, 1926. The findings of the Commission are responsive to the issue as to whether the disability suffered subsequent to April 17, 1926, was caused by an injury on that date or was a new and further disability caused by the injury of December 3, 1923. As above recited, the Commission found it to be a new and further disability. An express finding that it was not due to an alleged injury suffered thereafter could add no force to the findings. The findings negative the existence of any new injury. Moreover, a finding upon this subject could in no manner alter or change the award.[2] Where findings are made upon issues which determine the case, other issues become immaterial, and a failure to find thereon does not constitute error. (24 Cal. Jur., pp. 943, 944;Pyle Co. v. Fossler, 200 Cal. 204 [252 P. 599].)
From what we have said it follows that the award should be and it is hereby affirmed.
Knight, J., and Cashin, J., concurred. *Page 189