[Civ. No. 8530. First Appellate District, Division One.—July 13, 1932.]

GEORGIE E. GRIFFIN et al., Respondents, v. VINNIE D. PARKER, Appellant.

702

Olin L. Berry and Delbert L. Berry for Appellant.

Henry E. Greer for Respondents.

THE COURT.—Appeal by the defendant from a decree adjudging plaintiffs to be the owners of the right and easement to take water for household and garden purposes from a well on defendant's land.

The parties own adjoining lots which, until June, 1904, were owned by one C. F. Turner, who erected upon each a dwelling-house. Turner also sank a well upon the property now owned by defendant (which will be hereinafter referred to as the Lawton lot), and constructed thereon a windmill and tank. He then laid pipes therefrom to both houses for the purpose of furnishing water for garden and domestic use. The well was about five feet in diameter and twenty-five feet deep, with a three-inch bore extending downward from the bottom a further distance of eighteen feet. The tank had a capacity of about 1,000 gallons, and water was conveyed therefrom to the two properties by means of a three-quarter inch pipe. On June 11, 1904, Turner, who lived on the lot now owned by plaintiff Georgie E. Griffin and which will be hereinafter referred to as the Griffin lot, conveyed the property to her, and she has since resided thereon. On June 13, 1904, Turner conveyed the Lawton lot to Daisy B. Lawton, who resided thereon until July 18, 1928, when she conveyed the same to defendant Parker. Water from the well, pumped by the windmill, continued to be used by the owners of the two lots until January, 1924, when the windmill was destroyed by a storm. Soon thereafter Mrs. Lawton installed in its place an electric motor and pump. According to Mrs. Griffin, she offered to contribute to the cost of installing the motor and pump, but Mrs. Lawton refused, and it was then agreed between them that Mrs. Griffin should furnish the oil and grease necessary and attend to its operation. When first installed it was attached to and operated through the Lawton electric meter, but later was attached to the Griffin meter. This arrangement continued until July, 1928, when the husband of defendant Parker, acting for Mrs. Lawton, disconnected the pipe leading to the Griffin lot. Defendant and Mrs. Lawton were sisters, and the conveyance from the latter appears to have been executed a few days thereafter. About the time the pipe was disconnected the three-inch bore at the bottom of the well became choked with sand. To remedy this Mrs. Lawton caused the same to be blasted, but this did not remedy the defect. She thereupon increased the depth of the bore six and one-half feet, and its diameter about six inches. This required about three days' labor

by two well-borers, and it is clear from the evidence that the expense incurred was small. As a result the water supply was restored to the usual amount, and, according to the testimony, there was on December 3, 1929, two days before the trial, about nine feet of water in the well.

Among other things, the trial court found that when plaintiff purchased she was told by Turner that the right to take the water as aforesaid passed with the conveyance, and that her use was at all times open and notorious, under claim of right, and with the full knowledge of the owner of the Lawton lot. A decree was entered adjudging plaintiff to be the owner of a right and easement appurtenant to her lot to take and convey water from the well through a three-quarter inch pipe, and enjoining defendant from preventing her and her employees from entering upon the Lawton lot for the purpose of maintaining the pipes with the tank and pump in good condition and repair and preserving her right to the water.

Defendant contends that the evidence was insufficient to justify the decision, and that the court erred by failing to find on all the issues.

Section 1104 of the Civil Code provides that a transfer of real property passes all easements attached thereto, and creates in favor thereof an easement to use other real property of the person whose estate is transferred in the same manner and to the same extent as such property was obviously and permanently used by the person whose estate is transferred for the benefit thereof at the time when the transfer was agreed upon or completed.

Defendant complains that the trial court made no finding which brings the case within the above section, but found instead that plaintiff's right was prescriptive. Nevertheless, the undisputed facts are as stated above, namely, that when Turner conveyed to plaintiff, the water arrangements were permanent in character and obviously in use for the benefit of both lots. Under such circumstances the code rule applies and the right passes with the conveyance (*Cave* v. *Crafts*, 53 Cal. 135; *Cheda* v. *Bodkin*, 173 Cal. 7 [158 Pac. 1025]; *Silveira* v. *Smith*, 198 Cal. 510 [246 Pac. 58]). Where a finding would necessarily have been adverse to a party he cannot complain (24 Cal. Jur., Trial, sec. 188, p. 944).

█ It is claimed that plaintiff's right ceased with the diminution of the water supply, and was not revived when an increased supply was developed by deepening the well.

The owner of an easement cannot enlarge the burdens upon the servient estate (Civ. Code, sec. 806), but a mere nonuser of an easement created by grant will not work an extinguishment (9 R. C. L., Easements, sec. 66, p. 810); and if the right is merely suspended it may be revived (9 Cor. Jur., Easements, p. 958; *Keller* v. *City of Oakland*, 54 Cal. App. 169 [201 Pac. 618]). Here the nonuser was due to the fact that the well became choked with sand; and while neither the defendant nor her predecessor in interest was bound to clean out the well or deepen it, yet, having done so, and having increased the supply to its former flow, the easement itself was restored and revived (*Hottell* v. *Farmers' Protective Assn.*, 25 Colo. 67 [71 Am. St. Rep. 109, 53 Pac. 327]; *Schneider* v. *Cross*, 80 Colo. 26 [249 Pac. 643]).

The cases of *Cohen* v. *Adolph Kutner Co.*, 177 Cal. 592 [L. R. A. 1918D, 410, 171 Pac. 424], and *Muzio* v. *Erickson*, 41 Cal. App. 413 [182 Pac. 974], cited by defendant, have no application here.

█ It is claimed that the decision erroneously failed to restrict plaintiff's right in the new supply to the amount previously used; but, as stated, the decree limits the amount to the carrying capacity of a three-quarter inch pipe; and for aught that appears the same tank at the same elevation continues to be used with no increase in pressure.

█ It is also urged that there was a failure to find on a material issue, namely, the claim that the present water supply was from a new source. This, in view of the foregoing, is not material; and if the findings made are of such a character as to dispose of issues which are sufficient to uphold a judgment a failure to find upon others does not constitute prejudicial error (*Pyle Co.* v. *Fossler*, 200 Cal. 204, 209 [252 Pac. 599]; *Colver* v. *W. B. Scarborough Co.*, 73 Cal. App. 441, 455 [238 Pac. 1104]).

█ Lastly defendant complains that under the decision she will be required to act and incur expense in supplying plaintiff with water; but we find nothing in the decree requiring her to do more than refrain from interfering with plaintiff's proper use of the motor and pump. All the

equities of the case are with the plaintiff, and we find nothing in the record which would justify a reversal of the judgment.

The judgment is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 12, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 8, 1932.