This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                                 **NO.   29,428**

**ANTHONY QUIROZ,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Gary L. Clingman, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
J.K. Theodosia Johnson, Assistant Public Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

Defendant is appealing from a district court judgment and sentence entered after a jury found Defendant guilty of aggravated battery (deadly weapon). We issued a second calendar notice proposing to affirm, and the Defendant has responded with a memorandum in opposition. We affirm.

Defendant continues to challenge the sufficiency of the evidence to support his conviction for aggravated battery (deadly weapon). A sufficiency of the evidence review involves a two-step process. Initially, the evidence is viewed in the light most favorable to the verdict. Then the appellate court must make a legal determination of "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 118 N.M. 762, 766, 887 P.2d 756, 760 (1994) (internal quotation marks and citation omitted).

Among other things, the jury instruction in this case required the jury to find that the deadly weapon used against Victim was a firearm. [RP 44] *See State v. Smith*, 104 N.M. 729, 730, 726 P.2d 883, 884 (Ct. App. 1986) ("Jury instructions become the law of the case against which the sufficiency of the evidence is to be measured."). According to the docketing statement, Victim testified that he did not know if he was hit with a gun, and "the State offered no evidence of a gun." [DS 3] In the absence of evidence to support the finding that a firearm was used, our first

calendar notice proposed to reverse. *See State v. Calanche*, 91 N.M. 390, 392, 574 P.2d 1018, 1020 (Ct. App. 1978) (facts in the docketing statement are accepted as true unless contradicted by the record). In its memorandum in opposition to our first calendar notice, the State informed us that Victim's prior statement was admitted into evidence. [MIO 2] In this statement Victim had identified the object as a gun. [MIO 2] There was also evidence that approximately thirty seconds before Victim was hit Defendant had fired a weapon. In light of these facts, our second calendar notice proposed to reverse.

Defendant's memorandum in opposition to our second calendar notice does not dispute the new facts that were brought to our attention by the State. [Defendant's MIO 1] Accordingly, Defendant has not persuaded us that our second calendar notice was incorrect. *See State v. Sisneros*, 98 N.M. 201, 202-03, 647 P.2d 403, 404-05 (1982) ("The opposing party to summary disposition must come forward and specifically point out errors in fact and in law."). We are also not persuaded by the jury's special verdict with respect to any potential firearm enhancement. [RP 59] We look to the evident to support Defendant's conviction, and we do not consider the fact that the verdicts might be irreconcilable. *See State v. Roper,* 2001-NMCA-093, ¶ 24, 131 N.M. 189, 34 P.3d 133.

For the reasons set forth above, we affirm.

**IT IS SO ORDERED.**

_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**JONATHAN B. SUTIN, Judge**