Argued January 25, reversed March 5, 1979

FIREBAUGH, et ux, *Respondents,*
v.
BORING, et ux, *Appellants.*
(TC CC77-578, CA 11050)
591 P2d 421

Dan Van Thiel, of Anderson, Fulton, Lavis & Van Thiel, Astoria, argued the cause and filed the brief for appellants.

Thomas E. Sweeney, Cannon Beach, argued the cause and filed the brief for respondents.

Before Buttler, Presiding Judge, and Joseph, J., and Tongue, J., Pro Tempore.

TONGUE, J. Pro Tempore.

**TONGUE, J.,** pro tempore.

This is a suit to quiet title to a prescriptive easement and to enjoin defendants from interfering with its use. The trial court entered a decree in favor of plaintiffs, based upon findings that plaintiffs had established by clear and convincing evidence that their use of the roadway in question had been open, exclusive, continuous, under claim of right for the appropriate statutory period and in a manner sufficiently hostile so that plaintiffs were entitled to such relief.

In appealing from that decree defendants contend that the "scope" of the easement "was limited to that use for which it was employed for the period during which the prescription right arose, namely, access for inspection, maintenance and repair of a water storage facility or reservoir." Defendants say that the access was used to serve the reservoir, which was "used in conjunction with a water utility company"; that in 1972 that reservoir and the property on which it was located were sold; that in 1975 the reservoir was abandoned and that part of the reservoir was "incorporated into a home built on the site," and that since 1975 plaintiffs have claimed use of the easement for ingress and egress to and from their home and for general purposes.

Plaintiffs do not deny these facts, but contend that the easement was used for a roadway and that, as a result, they are also entitled to use it as a roadway.

According to 2 Thompson on Real Property 796, § 447 (1961 Repl):

> "An easement may be created for a special purpose, to continue only so long as needed to accomplish the desired end. An easement granted or reserved for a particular purpose, or one arising by prescription by an exercise of the right for such a purpose, ceases when this purpose no longer exists. * * *"

To the same effect, it is stated in 4 Tiffany, Law of Real Property 1040-41, § 1208 (3d ed 1975):

"The question of the user which may be made of a prescriptive right-of-way has been the subject of a number of adjudications. That the way was used for a single purpose will ordinarily support a right-of-way for that purpose only, but that the way was used for all purposes for which it was desired to use it justifies, it has been held, a finding of a right-of-way for all purposes for which it might reasonably be desired for the use of the dominant tenement while substantially in the same condition. 'But if the condition and character of the dominant estate are substantially altered, as in the case of a way to carry off wood from wild land, which is afterwards cultivated and built upon, or of a way for agricultural purposes to a farm, which is afterwards turned into a manufactory or divided into building lots, the right-of-way cannot be used for new purposes, required by the altered condition of the property, and imposing a greater burden upon the servient estate.' * * *"

In *Hahn v. Baker Lodge, No. 47*, 21 Or 30, 27 P 166 (1891), although under different facts, the court said (at 34):

"The remaining question is whether the easement for the purpose of ingress and egress was extinguished by the destruction of the building. The facts show that such easement was granted for the particular purpose of affording ingress and egress to the building. Without it the principal thing (the room granted) would be practically useless. It was essential and necessary for the enjoyment of the room, and was granted on account of it. Nor is it of any use, within the purposes of the grant, without the existence of the room. In such case, the general rule, as stated by Mr. Washburne, is that 'if an easement for a particular purpose is granted, when that purpose no longer exists, there is an end of the easement.' * * *"

Upon application of these rules to the facts of this case we hold that the easement over defendants' land was for the special purpose of access to and from the water reservoir, and that when the reservoir property was sold and was no longer used as a reservoir, the easement was terminated.

It follows that the decree of the trial court must be reversed.[1]

---

[1] In deference to the trial judge it should be noted that none of the foregoing authorities were cited by either party in the trial court.