JOHNSON ET AL., RESPONDENTS, *v.* MEIERS ET UX., APPELLANTS.

No. 8569

Submitted December 11, 1945. Decided January 15, 1946.

164 Pac. (2d) 1012

Mr. F. N. Hamman, of Polson, and Mr. George F. Higgins, of Missoula, for appellants.

Mr. Lloyd I. Wallace, of Polson, for respondents.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

Plaintiffs brought this action to enjoin the defendants from obstructing the use of a hallway in a certain building in Polson. The facts which gave rise to the controversy as alleged in the complaint are these.

Olaf Karlsgodt, the plaintiffs Johnsons and defendants Meiers were the owners of the east 80 feet of Lot 12, Block 10 of the

original townsite of Polson; Olaf Karlsgodt owned the east 40 feet, the Meiers the next 25 feet adjoining to the west, and the Johnsons the next 15 feet to the west, being the west 15 feet of the east 80 feet of the lot.

The other plaintiffs are the heirs at law of Olaf Karlsgodt who died in August 1938.

In 1936 Olaf Karlsgodt, the Johnsons and the Meiers entered into an oral agreement to build, and they did build, a building upon the whole of the east 80 of the lot. The building was so constructed that a common entrance and stairway on the north side of the building at about its center served the upper story; about one-half of the stairway was on the west end of the Karlsgodt property and the other half on the east end of the Meiers property. The second story was to be completed by each of the parties over his portion of the lot, as and when each saw fit to do so, and it was eventually constructed by each of the parties except the Meiers.

On the second floor a hallway extended from the top of the stairs across the Karlsgodt property to the east side where a lavatory was built for the common use of the people occupying the upstairs portion of the building, and a hallway also extended to the west of the stairway crossing the Meiers' and Johnsons' property. At the west end of the hall is located a fire escape for the building.

In July, 1940, the parties to this action entered into a written agreement with respect to the building and its use, the material parts of which, after describing the ownership of the parties in the land and the building, are as follows:

"Now therefore, the said parties do grant, promise, covenant and agree that the respective parties shall severally and not jointly own that portion of the building situated on each of the respective lots hereinbefore mentioned; to themselves, their heirs and assigns; and, whereas, the furnace is installed in that portion of the building owned by said Hawkin Karlsgodt, Erling Karlsgodt and Magnhild Karlsgodt, whereby greater advantage may accrue to said Hawkin Karlsgodt, Erling Karls-

godt and Magnhild Karlsgodt, now, therefore, the said Hawkin Karlsgodt, Erling Karlsgodt and Magnhild Karlsgodt do grant, covenant, promise and agree that the said Julius W. Meiers and Lena Meiers, his wife, and the said Sig Johnson and Maude Johnson, his wife, may peacefully and lawfully enjoy such furnace to themselves, their heirs and assigns, it is further agreed that each of the respective parties shall contribute to the cost of operation and repairs of said furnace in proportion to their ownership of the building; and, whereas, the hallways and stairway are located in that portion of the building constructed and owned by said Hawkin Karlsgodt, Erling Karlsgodt, Magnhild Karlsgodt, Julius W. Meiers and Lena Meiers, his wife, whereby greater advantage may accrue to said parties, now, therefore, the said Hawkin Karlsgodt, Erling Karlsgodt, Magnhild Karlsgodt, Julius W. Meiers and Lena Meiers, his wife, do grant, covenant, promise and agree with said Sig Johnson and Maude Johnson, his wife, that they may peacefully and lawfully enjoy such hallways and stairways to themselves, their heirs and assigns; and, whereas, the fire escape is located on the west side of that portion of the building owned by Sig Johnson and Maude Johnson, his wife, whereby greater advantage may accrue to said Sig Johnson and Maude Johnson, his wife, now, therefore the said Sig Johnson and Maude Johnson do grant, covenant, promise and agree with said Hawkin Karlsgodt, Erling Karlsgodt, Magnhild Karlsgodt, Julius W. Meiers and Lena Meiers, his wife, that they may peacefully and lawfully enjoy such fire escape to themselves, their heirs and assigns.

"It is further mutually understood and agreed, between the respective parties that this agreement shall remain as long as the building shall last, and shall pass to the heirs and assigns of the respective parties."

The complaint alleges that on or about the 29th day of September, 1942, defendants closed the hallway on the second story leading from the stairs to the west side of the building and refused to allow plaintiffs the use thereof.

The answer admits most of the allegations of the complaint and

alleges affirmatively that the agreement provided for the heating of the building with a common furnace which was installed for that purpose in the basement; that in October 1941 plaintiffs, without the consent of defendants, destroyed the heating plant and removed it from the building to the damage of defendants in the sum of $1,050; that in consequence defendants were obliged to install a heating system of their own at a cost of $700; that since plaintiffs violated the terms of the agreement by removing the heating plant, the agreement is no longer binding upon any of the parties.

By the cross complaint defendants sought damages against plaintiffs in the sum of $3,468.

The reply put in issue the affirmative allegations of the answer and cross complaint save that plaintiffs admitted that the furnace had been removed because after use it proved to be unsatisfactory and that by mutual agreement of the parties, each of them at his own expense installed a new furnace in his respective basement.

The court found the issues pertaining to the right to use the hallway in favor of plaintiff. The findings of fact were practically in the words of the complaint and in addition the court found that plaintiffs removed the heating plant without the knowledge of defendants, causing damages to defendants in the sum of $335.50 and that plaintiffs have been damaged $75 by the acts of defendants in closing the hallway. As conclusions of law the court found that defendants were without right in obstructing the hallway and that plaintiffs acted without right in dismantling the heating plant; that the written agreement transferred reciprocal easements to the hallway and stairway so that all parties to the action are entitled to their use and enjoyment.

The decree restrained defendants from obstructing the hallway and awarded judgment of $285 to defendants.

Defendants have appealed from the judgment after their motion for new trial was denied.

Two questions are presented by the appeal. The first question

is whether defendants are correct in their contention that, since plaintiffs breached the written agreement in one particular, the defendants were released from their obligations under the agreement.

The trial judge found as above noted that the agreement conveyed reciprocal easements. The right to the use of the hall and stairway which was granted by the agreement, if not strictly an easement within the meaning of section 6749, Revised Codes, is at least a right in the nature of an easement which continues until the destruction of the building or the part thereof upon which the right is imposed. Rothschild v. Wolf, Cal. App., 104 Pac. (2d) 685; Rothschild v. Wolf, 20 Cal. (2d) 17, 123 Pac (2d) 483, 154 A. L. R. 75; Hahn v. Baker Lodge No. 47, 21 Or. 30, 27 Pac. 166, 13 L. R. A. 158, 28 Am. St. Rep. 723; Cohen v. Kutner Co., 177 Cal. 592, 171 Pac. 424, L. R. A. 1918D, 410; Brecht v. Johnson Hardware Co., 139 Minn. 436, 166 N. W. 1070, L. R. A. 1918D, 691; Shirley v. Crabb, 138 Ind. 200, 37 N. E. 130, 46 Am. St. Rep. 376; Barr v. Lamaster, 48 Neb. 114, 66 N. W. 1110, 32 L. R. A. 451. Such was the purport of the last paragraph of the agreement.

Furthermore, not every breach of a contract gives rise to the right of rescission: In 12 Am. Jur. "Contracts," sec. 440, it is said: "It is not every breach of a contract or failure exactly to perform—certainly not every partial failure to perform—that entitled the other party to rescind. A breach which goes to only a part of the consideration, is incidental and subordinate to the main purpose of the contract, and may be compensated in damages does not warrant a rescission of the contract; the injured party is still bound to perform his part of the agreement, and his only remedy for the breach consists of the damages he has suffered therefrom. A rescission is not warranted by a mere breach of contract not so substantial and fundamental as to defeat the object of the parties in making the agreement. Before partial failure of performance of one party will give the other the right of rescission, the act failed to be performed must go to the root of the contract or the failure to perform the con-

tract must be in respect of matters which would render the performance of the remainder a thing different in substance from that which was contracted for.'' The court held that the breach complained of was such that it could be compensated for in money and hence made an award of damages. The main purpose of the contract was to construct one building on the three parcels of land wherein the parties would have the common use of the hallways and stairway. The matter of heating the building was incidental and subordinate to the main purpose which was to have but the one building. The agreement does not provide that the right to the use of the hall and stairway is in any way subject to or made dependent upon the fulfillment of the provisions of the contract with respect to its heating. The breach of the contract with respect to the furnace had no effect upon the right to the use of the hall and stairway. It, of course, gave defendants a right to redress in the way of damages. Defendants' contention that they were released from the obligations with respect to granting the right to use the hall and stairway because of plaintiff's wrongful removal of the furnace cannot be sustained.

In connection with this question defendants contend that the agreement cannot be treated as creating easements because it was not acknowledged. As between the parties, as here, this fact is of no consequence. Taylor v. Holter, 1 Mont. 688; Middle Creek Ditch Co. v. Henry, 15 Mont. 558, 39 Pac. 1054.

The other question presented by the appeal is whether the damages awarded to defendants is adequate. The trial court itemized the damages to defendants as follows:

''1. Loss of interest in said plant, $118.50

''2. Loss of interest in said chimney, 117.00

''3. Damages to defendants' water system, 50.00

''4. Damages to defendants by reason of the failure of the plaintiffs to complete

the hall to the Johnson portion of the property, running in a northerly and southerly direction, 50.00"

From this the court deducted $75 damages sustained by plaintiffs as the result of the acts of defendants.

While there is some evidence justifying a larger award, the matter of resolving conflicts in the evidence rested in the discretion of the trial court and our province is but to ascertain whether there is any substantial evidence to justify the finding. Gibbs v. Gardner, 107 Mont. 76, 80 Pac. (2d) 370; Sanders v. Lucas, 111 Mont. 599, 111 Pac. (2d) 1041. Examination of the record convinces us that there is substantial evidence supporting the award made by the court, particularly since defendants still have their proportionate interest in the salvage value of the plant which was wrongfully removed. The trial court viewed the premises and was thus in a better position to properly appraise the damages than are we. Finding no merit in the contentions of appellants, the decree is affirmed.

Mr. Chief Justice Johnson and Associate Justices Adair, Morris and Cheadle concur.