No. 86-557

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

DOROTHY M. HALCRO and ROBERT M.
HALCRO, husband and wife,

    Plaintiffs and Respondents,

-vs-

DONALD C. MOON aka DON C. MOON, JR.,

    Defendant and Appellant.

---

APPEAL FROM:   District Court of the Eighth Judicial District,
               In and for the County of Cascade,
               The Honorable John McCarvel, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Hartelius & Ferguson; Cameron Ferguson, Great Falls,
        Montana

    For Respondent:

        Sandra K. Watts, Great Falls, Montana

---

Submitted on Briefs:   Jan. 29, 1987

Decided: March 12, 1987

Filed: MAR 12 1987

_Ethel M. Harrison_
Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Defendant Donald Moon appeals the summary judgment awarded in favor of plaintiffs by the Eighth Judicial District Court, County of Cascade. We affirm.

This case involves breach of a buy-sell contract. Robert and Dorothy Halcro were the sellers and Donald Moon the buyer. In August of 1985, Halcros listed their home for sale. The house is located at 2312 Sixth Avenue South in Great Falls, Montana. On August 8, 1985, Halcros entered into a written agreement with Moon to sell their home for $57,000. The terms were $13,800 in cash as a down payment plus assumption of a $34,100 first mortgage and a $9,100 second mortgage. The only condition precedent contained in the agreement was that Moon sell his home in Colorado. The closing date was listed as November 1, 1985.

Moon sold his Colorado home for less than anticipated so he requested that Mr. Halcro reduce the purchase price on the 2312 Sixth Avenue property by $1000. The parties compromised, and a new buy-sell agreement was signed October 18, 1985, lowering the purchase price by $500. All other terms remained the same. The premises were vacant prior to the closing date as Halcros had purchased and moved into another home.

On October 24, 1985, Mr. Halcro inspected the vacant premises and discovered water on the floor of the laundry room and the adjacent bathroom floor was raised. Halcro informed his real estate agent, Ginger Wheeler, of the problem. Ms. Wheeler informed Moon repairs would be conducted within a week.

Mr. Halcro determined the problem to be leaky faucets in the utility room, so he replaced the washers and hired a

contractor to repair the bathroom floor. The Moons arrived in Great Falls approximately November 7, 1985. Upon entering the home a musty smell was present. A large puddle was discovered in the utility room and the repair work on the bathroom floor was inadequate. Water was also discovered in the crawl space beneath the house.

Mr. Halcro and Ms. Wheeler met with the Moons the following day. Mr. Halcro promised to warrant in writing that he would undertake further repair and cover all costs. The following day Mr. Moon informed Ms. Wheeler he and his wife had decided not to buy the house. Mr. Halcro rented the house to Steve Kroger the following week.

Contract Flooring repaired the bathroom floor and discovered a pinhole leak in the waterline beneath the bathroom floor. Palagi Plumbing repaired the water line. The repairs took one week and Mr. Kroger stated in his affidavit that the repair work did not inconvenience his family. There have been no water problems in the house since that time.

Halcros filed an action against Moon for specific performance of the buy-sell agreement. Moon's answer raised the defense of breach of contract by Halcros. The answer was amended to include mistake of fact and failure of consideration. Halcros filed a motion for summary judgment based upon the pleadings, admissions, and affidavits in the record. Following hearing, the District Court granted summary judgment in favor of Halcros and ordered Moon to perform the terms of the contract. Moon appeals and raises the following issues:

1) Whether summary judgment was proper?

2) Whether Moon was entitled to rescind the contract upon the grounds of mistake of fact and failure of consideration?

3) Whether Moon was entitled to rescind the contract upon the ground that Halcros breached the contract?

4) Whether the relief granted to Halcros was proper?

Summary judgment is proper pursuant to Rule 56(c) Mont.R.Civ.P. where the record discloses no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. All reasonable inferences that may be drawn from the offered proof are to be drawn in favor of the party opposing summary judgment. Abell v. Travelers Insurance Co. (Mont. 1983), 663 P.2d 335, 40 St.Rep. 738. A review of the record in this case shows no genuine issue of material fact and supports the summary judgment in favor of Halcros.

Each of the defenses raised by Moon are dependent upon a showing that the water problems in the house were so substantial as to defeat the object of the contract. In Woodahl v. Matthews (1981), 196 Mont. 445, 639 P.2d 1165, the buyer sought to rescind a contract to buy the seller's home on grounds of breach of express warranty, mistake of fact, and failure of consideration. After signing an agreement to purchase the home, the buyer discovered the floors sloped at a rate of 5½ inches every thirty feet. Testimony from the sellers and several workmen who worked on the house revealed that the sloped floors had gone unnoticed for 10 years. This Court held the buyers were not entitled to rescind the contract due to mistake of fact because the mistake was not "so substantial and fundamental as to defeat the object of the contract." 196 Mont. 452, 639 P.2d 1169. Additionally, we found no failure of consideration because the buyers received that for which they bargained.

Compton v. Alcorn (1976), 171 Mont. 230, 557 P.2d 292, is a case in which this Court held rescission of a contract to buy a mobile home was proper due to a substantial failure of consideration. The mobile home's defects were numerous,

4

most notably a furnace which was unusable and dangerous. We found that substantial and fundamental defects defeated the object of the contract which was to provide the buyers a new mobile home with readily available housing.

In the present case, Moon has offered no evidence that the water problems were so substantial as to defeat the object of the contract. Moon claims he was entitled to rescission because he believed the house had substantial plumbing problems. However, the evidence reflects that this was not the case. A pinhole leak was repaired, no structural damage was found, and there have not been any water problems in the house since that time.

Moon moved his family from Colorado with the expectation of moving into the house upon arrival. Unlike the situation in Compton, supra, there is no evidence that the house was not habitable. In fact, the house was rented the following week to Mr. Kroger. The house has two bathrooms and Kroger's family was not inconvenienced by the repair work which lasted one week. We find no evidence in the record that the water leak was so substantial as to defeat the object of the contract.

Moon contends Halcros breached the contract by failing to have the water leak repaired by the time Moon's family arrived at the house. There is no dispute that Mr. Halcro promised to have the water leak fixed prior to the Moons arrival but Halcro's repair work was inadequate. Still, Moon has presented no evidence that the breach was material. In Johnson v. Meiers (1946), 118 Mont. 258, 164 P.2d 1012, this Court stated:

> A breach which goes to only part of the consideration, is incidental and subordinate to the main purpose of the contract, and may be compensated in damages does not warrant a rescission of the contract; the injured party is

5

> still bound to perform his part of the agreement, and his only remedy for the breach consists of the damages he has suffered therefrom.

118 Mont. 263, 164 P.2d 1014.

This reasoning is applicable here. We find no material breach by Halcros entitling Moon to rescission.

The final issue on appeal is whether the District Court properly granted specific performance in favor of Halcros. Section 27-1-411(4), MCA, provides that specific performance may be compelled when the parties to a contract have expressly agreed in writing that specific performance shall be an available remedy. The buy-sell agreement signed by the parties expressly provided for a remedy of specific performance. Halcros had a right to pursue this remedy and were not required to re-list the house for sale.

The District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

6