No. 90-005

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

RUSSELL E. VAN HOOK, JR. and JANICE L. VAN HOOK,
    Plaintiffs and Appellants,
-vs-
CALVIN A. BAUM and WILMA J. BAUM,
    Defendants and Respondents.

APPEAL FROM:   District Court of the First Judicial District,
               In and for the County of Lewis and Clark,
               The Honorable Henry Loble, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            James P. Reynolds, Reynolds, Motl & Sherwood,
            Helena, Montana

        For Respondent:

            Dennis Loveless, Helena, Montana

                                Submitted:  July 20, 1990

                                Decided:  October 15, 1990

Filed:

_____
            Clerk

Justice John C. Sheehy, delivered the Opinion of the Court.

Russell and Janice Van Hook appeal from the determination of the District Court, First Judicial District, Lewis and Clark County, denying appellants' claims for contract rescission or damages. We affirm the District Court.

The issues presented by the appellants are:

1. Did the District Court err in concluding no mutual mistake of fact existed warranting rescission of the contract for the purchase of the real property?

2. Did the District Court err in concluding respondents committed no fraud, actual or constructive in the sale of the real property?

3. Did the District Court err in concluding no failure of consideration existed in the contract between the parties?

The real property involved in this case is the house and property located at Lots 8, 9 and 10 in Block 26 of the Corbin Addition, known as 1523 Broadway, Helena, Montana.

In the summer of 1981, Baums constructed a house upon the property, acting as the contractors and hiring various subcontractors. Baums built the home intending to reside there, but decided to sell when it became medically necessary for Mrs. Baum to move to a warmer climate.

The house was constructed upon a special foundation due to the fill on the property and water which tended to collect there. Baums foresaw no problem with continuing water collection upon completion.

2

Van Hooks executed an earnest money receipt and an agreement to purchase on December 5, 1981, and on December 30, 1981, executed a $41,500 note secured by a trust indenture. Van Hooks also signed a promissory note to the Baums for $15,400, also secured by trust indenture, payable no later than December 30, 1983, or upon the sale of the real property. Van Hooks have not paid on the note, and admit to be in default thereon.

The real property flooded on June 28, 1982, following an uncommonly large rainstorm. The property flooded again on August 21, 1983, following a similar storm. Robert Peccia, a private consulting engineer and hydrologist, using National Oceanic and Atmospheric Administration records for those dates, testified that both storms were of such extraordinary nature as to be expected to occur once every 100 years.

In January of 1983, Van Hooks wrote a letter to the Baums seeking rescission of the contract. Baums refused. Van Hooks initiated suit in June of 1984, seeking rescission, or in the alternative, damages for breach of contract. The complaint also named the City of Helena. The City later paid $10,000 to the Van Hooks as settlement, and reconstructed the storm sewer on the property. The Baums counterclaimed, seeking enforcement of the contract. Bench trial was held from July 11 through July 14, 1988. The District Court, in its order of April 5, 1989, denied all claims of the Van Hooks, and granted leave to the Baums to proceed against the real property pursuant to the terms of the trust

3

indenture. The Van Hooks made a motion to amend, which was denied. This appeal ensued.

Van Hooks first contend that a mutual mistake of fact occurred in that neither of the parties knew of the potential flooding problem, and that rescission is the proper remedy.

Mistake of fact is "an unconscious ignorance or forgetfulness of a fact, past or present, material to the contract . . ." Section 28-2-409, MCA.

Section 28-2-1711 states in part:

> A party to a contract may rescind the same in the following cases only: (1) if the consent of the party rescinding . . . was given by mistake or obtained through duress, menace, fraud, or undue influence . . .

It is a well-established rule in Montana that in order for mutual mistake by the parties to a contract to warrant rescission, the mistake must be so substantial and fundamental as to defeat the object of the contract. Halcro v. Moon (1987), 226 Mont. 121, 733 P.2d 1305; Woodahl v. Matthews (1981), 196 Mont. 445, 639 P.2d 1165; Johnson v. Meiers (1946), 118 Mont. 258, 164 P.2d 1012. Here, Van Hooks maintain that the flooding of the property is a problem so substantial as to defeat the object of the contract. However, the evidence does not bear this out. As the District Court stated, it is not a mistake of fact that several intense and unusual storms occurred. They were "acts of God," completely unanticipated, which caused damage to many other homes in the surrounding area. It should also be noted that corrective measures were taken by the City of Helena on the storm drain near the

property in 1986 and that no flooding had occurred up to the time of trial.

Van Hooks still reside in the house. This suit was brought in apprehension of further flooding. While no one may deny that the flooding was a problem, it cannot be said to be a mistake serving to defeat the object of the parties in making the contract, any more than would an earthquake or tornado or other natural phenomenon.

Van Hooks next contend that Baums committed fraud or, alternatively, constructive fraud in the sale of the real property.

Specifically, Van Hooks contend that Baums knew of the flooding potential and misled Van Hooks by asserting otherwise. The evidence does not show that such misrepresentations were made, or Van Hooks' reliance thereupon. The District Court stated:

> The Van Hooks and the Baums had equal knowledge of the property as far as flooding potential was concerned. Neither had knowledge that was superior to the other.
>
> * * * *
>
> The Van Hooks conducted an independent investigation of potential water problems including, but not limited to, potential flooding of the property. The investigation included discussing potential water flooding problems with other individuals who had knowledge of past problems, and discussing potential water flooding problems with personnel from the City of Helena. The Van Hooks knew water had caused some problems in the past, and had been so informed by neutral, disinterested third parties. The Van Hooks relied upon their own independent investigation of the property, including investigations regarding potential flooding and water problems, when they decided to purchase the real property. They did not rely upon any representations made by the Baums regarding water problems.

As noted by the lower court, a cause of action for fraud fails when the alleged misrepresentation is not relied upon. Lowe v. Root (1975), 166 Mont. 150, 531 P.2d 674. The District Court was in the best position to determine that Van Hooks did not rely on any alleged misrepresentation. We find no error in the lower court's holding of an absence of fraud.

As to constructive fraud, no evidence was introduced showing Baums were aware of flooding potential of the home upon its construction. Baums originally built the home for their personal use, and decided instead to sell it only after Mrs. Baum developed health problems requiring her to move to a warmer climate. As the District Court noted, it cannot be reasonably contended that a person would build a house where he believed it would be flooded. The District Court's finding that the Baums were unaware of any defect, and thereby under no duty to disclose the defect, thus precluding constructive fraud claims, is supported by substantial evidence and will not be disturbed by this Court. Woodahl v. Matthews (1981), 196 Mont. 445, 639 P.2d 1165; Moschelle v. Hulse (1980), 190 Mont. 532, 622 P.2d 155.

Van Hooks contend that they are entitled to rescind due to a partial or complete failure of consideration. They state that the lower court erred in concluding the house was worth intrinsically as much at the time of trial as when originally purchased.

Section 28-2-1711, MCA, outlines the rights of parties wishing to rescind under a theory of failure of consideration:

A party to a contract may rescind the same in the following cases only:

* * * *

(2) if, through the fault of the party as to whom he rescinds, the consideration for his obligation fails in whole or in part;

(3) if such consideration becomes entirely void from any cause;

(4) if such consideration, before it is rendered to him, fails in a material respect from any cause . . .

Subsections (2) and (4) are inapplicable here. Subsection (2) is premised upon the fault of the non-rescinding party, and the lower court specifically found the Baums to be free from fault. Nor does subsection (4) apply, as consideration was rendered. Van Hooks must rely on subsection (3) for relief. The subsection states that the party may rescind if consideration becomes <u>entirely void</u>. Clearly, that is not the case here. Van Hooks purchased the home in 1981 for $64,900. Although appraisals varied, Van Hooks stated that the house was worth approximately $62,000 in 1988. As the District Court noted, the lessened appraised values were all made in apprehension that the property might flood again. Clearly, the District Court's determination that there was not an adequate failure of consideration under § 28-2-1711(3) was based on the evidence and law. We find substantial evidence supports the judgment. Corscadden v. Kenney (1977), 175 Mont. 98, 572 P.2d 1234; Strong v. Williams (1969), 154 Mont. 65, 460 P.2d 90. Affirmed.

_____
                        Justice

7

We Concur:

_John Conway Harrison_

_William E Hunter_

_____

_P. C. McDonough_
                Justices

8