No. 97-562

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 26


MARCO AND COMPANY, LLC,
d/b/a Managed Pharmacy Consultants,

Plaintiff and Appellant,

v.

DEACONESS/BILLINGS CLINIC HEALTH SYSTEM,
d/b/a Aspen Meadows Retirement Community,

Defendant and Respondent.



APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Robert W. Holmstrom, Judge presiding.


COUNSEL OF RECORD:

For Appellant:

Gerald B. Murphy, John T. Jones, Daniel D. Vermillion;
Moulton, Bellingham, Longo & Mather, P.C.; Billings, Montana

For Respondent:

Chris Mangen; Crowley, Haughey, Hanson, Toole &
Dietrich, P.L.L.P.; Billings, Montana



Submitted on Briefs: January 8, 1998

Decided: February 12, 1998
Filed:


_____
Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

¶1   The plaintiff, Marco and Company, LLC, d/b/a/ Managed Pharmacy Consultants (Marco), commenced this action in the District Court for the Thirteenth Judicial District in Yellowstone County to recover damages from Deaconess/Billings Clinic Health System, d/b/a Aspen Meadows Retirement Community (Deaconess) for breach of

contract. Pursuant to the remedies provision of the contract, Marco petitioned the District Court for a decree of specific performance or an injunction to prevent Deaconess's breach of contract. Marco also petitioned for a temporary restraining order to preserve the status quo. The District Court granted the temporary restraining order and ordered a show cause hearing to consider Marco's petition for an injunction or specific performance. On August 6, 1997, the District Court issued its findings of fact and conclusions of law and order in which it denied Marco's petition for a decree of specific performance and injunction and dissolved the temporary restraining order. The District Court held that the contract at issue was one for the sale of goods, not personal services, and that because Deaconess breached the agreement between the parties, Marco was entitled to money damages. Marco appeals the District Court's order which awarded money damages but denied it specific performance or an injunction. We reverse the judgment of the District Court.

¶2 Marco raises the following issues on appeal:

¶3 1. Did the District Court abuse its discretion when it refused to enforce the language of the vendor agreement?

¶4 2. Did the District Court abuse its discretion when it refused to grant Marco relief from Deaconess's breach of the vendor agreement and order of specific performance?

¶5 3. Did the District Court abuse its discretion when it refused to enjoin Deaconess from terminating the vendor agreement?

FACTUAL BACKGROUND

¶6 On August 1, 1995, John Marchiando, d/b/a/ Managed Pharmacy Consultants, entered into a vendor agreement with Aspen Meadows Limited Partnership and ComCare Incorporated for the sale of pharmaceuticals to the Aspen Meadows Retirement Community. This agreement was one of two agreements among the parties and, according to Marco, was reviewed by the parties, negotiated, and agreed upon after an extensive negotiation and revision process. John Marchiando subsequently assigned his interests in both agreements to Marco and Company, LLC, d/b/a Managed Pharmacy Consultants. Deaconess thereafter acquired full ownership of Aspen Meadows and Aspen Meadows Limited Partnership, and was assigned ComCare's interests in the agreements.

¶7 Pursuant to the vendor agreement, Marco sold pharmaceuticals to Aspen Meadows residents and billed Aspen Meadows and its residents for the cost of the pharmaceuticals plus profit. Incidental to the primary purpose of the vendor agreement, which was to sell pharmaceuticals to the residents of Aspen Meadows, a Marco pharmacist would check for drug-to-drug interactions and occasionally deliver a prescription to Aspen Meadows. Marco received no payment for these incidental services.

¶8 On March 26, 1997, Deaconess notified Marco that it intended to terminate the vendor agreement on April 30, 1997. Deaconess's termination was without cause and did not provide Marco with sixty days to cure any breach of its duties, as required by the terms of the contract. Pursuant to the remedies provision of the contract, Marco, as the

non-breaching party, petitioned the District Court for a decree of specific performance, or, in the alternative, an injunction to prevent Deaconess's breach of contract.

¶9   After breaching the vendor agreement, Deaconess attempted to elect the liquidated damages remedy by offering to pay Marco $7500. Marco rejected Deaconess's offer based upon its right as the non-breaching party to elect an equitable remedy.

¶10  Marco petitioned the District Court for a temporary restraining order on April 29, 1997, the day before Deaconess terminated the vendor agreement. The District Court granted the temporary restraining order until the District Court could hold a show cause hearing regarding Marco's petition for an injunction or decree of specific performance.

¶11  The District Court held the hearing on May 7, 1997, and issued its findings of fact and conclusions of law on August 7, 1997. The court found that the vendor agreement is a contract for the sale of goods and that Deaconess did, in fact, breach the contract. Deaconess has not appealed from those findings. Despite these findings, the District Court denied Marco's petition for an injunction and found that the agreement was not specifically enforceable.

¶12  The dispositive issue on appeal, therefore, is whether the District Court erred when it refused to enforce the language of the vendor agreement, and refused to order specific performance or issue an injunction. Because Deaconess did not cross-appeal any findings of the District Court, it is procedurally precluded from raising any issues not properly perfected for appeal.

¶13   Although Rule 14, M.R.App.P., provides for review of matters by cross-assignment of error, it does not eliminate the necessity of filing a cross-appeal. See Johnson v. Tindall (1981), 195 Mont. 165, 169, 635 P.2d 266, 268. We have held that when a respondent seeks review of matters separate and distinct from those sought to be reviewed by the appellant, a cross-appeal is necessary. See Mydlarz v. Palmer/Duncan Const. Co. (1984), 209 Mont. 325, 334, 682 P.2d 695, 700. The matters over which Deaconess seeks review are matters separate and distinct from those raised by Marco. The issue raised in Marco's appeal addresses only the application of the terms of the contract and the type of remedy provided by the judgment of the District Court. The issues raised in Deaconess's brief, on the other hand, address the actual validity of the contract between the parties, the type of contract entered into, and the time period during which Deaconess was placed under a temporary restraining order. These issues, although related by the same transaction and events, are separate and distinct from the issue raised on appeal by Marco. Therefore, we conclude that a cross-appeal is necessary for our review of the additional issues presented by Deaconess. Because no cross-appeal was filed, we will not address these issues.

DISCUSSION

A.   Enforcement of the Contract Terms:

¶14  The essential issue raised on appeal is whether the District Court abused its discretion when it refused to enforce the language of the vendor agreement. Because this first issue raised by Marco on appeal is dispositive, we will not review issues two and three.

¶15   The standard of review of a district court's conclusions of law is whether the court's interpretation of the law is correct.  See Carbon County v. Union Reserve Coal Co. (1995), 271 Mont. 459, 469, 898 P.2d 680, 686.  See also Kreger v. Francis (1995), 271 Mont. 444, 447, 898 P.2d 672, 674; Steer, Inc. v. Department of Revenue (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603-04.


¶16   We have held that where the language of a contract is "clear and unambiguous there is nothing for the court to construe; the duty of the court is simply to apply the language as written to the facts of the case, and decide the case accordingly."  Carbon County v. Dain Bosworth (1994), 265 Mont. 75, 87, 874 P.2d 718, 726.  We have further held that "[t]hose who enter a contract are charged with the responsibility of acquainting themselves with the agreement terms, and those who execute a written contract are presumed to know its contents and terms; they cannot obtain relief unless they show ambiguity in the contract, misinterpretation, or bad faith."  Carbon County, 265 Mont. at 88, 874 P.2d at 726. A court must not create a contract for the parties different from that actually entered into by them, unless the contract is a violation of public policy.  See Hein v. Fox (1953), 126 Mont. 514, 520, 254 P.2d 1076, 1079.  In Hein, we stated that "[t]he effect of a different rule would destroy in a large measure the value of written instruments as evidence, to encourage negligence, and to open the door for the substitution of parol for written evidence under the claim of mistake."  Hein, 126 Mont. at 520-21, 254 P.2d at 1080.  To permit the avoidance of a written contract because the terms of the contract now appear burdensome or unreasonable would defeat the very purpose of placing a contract into writing.  See Hein, 126 Mont. at 521, 254 P.2d at 1080.


¶17   Montana's long-standing rule of contract interpretation requires that courts give effect to the meaning and intention of the parties as expressed in the language employed in the contract.  See Hein, 126 Mont. at 520, 254 P.2d at 1079.  Section 28-3-501, MCA, sets forth the manner of interpreting the words of a contract as follows:
The words of a contract are to be understood in their ordinary and popular sense rather then according to their strict legal meaning unless used by the parties in a technical sense or unless a special meaning is given to them by usage, in which case the latter must be followed.

The language of the contract provision at issue on appeal is as follows:
     Default/Remedies.  The failure by either party to perform any material provision of this Agreement shall constitute a default hereunder. In the event of such default, and the failure by such defaulting party to cure the default within the 60-day period described above, the non-breaching party shall be entitled to all remedies at law or in equity.  The equitable remedies shall include but not be limited to the non-breaching party's right to relief by temporary restraining order or injunction, and the right to bring an equitable action for specific performance of the contract.

     In the event that Facility has terminated this Agreement and Vendor has not breached any material provision of this Agreement, the parties agree that the monetary damages of Vendor will be difficult to determine, and therefore, in the event Vendor elects the legal remedy of damages, Facility shall pay liquidated damages to Vendor of $1,800.00 per month for the remaining months in the current contract year, in a total not to exceed $19,800.00, and not to be less than $7,500.00.  Facility agrees that these liquidated damages are reasonable, and in no way constitute a penalty.

(Emphasis added.)

¶18  The language of this provision of the vendor agreement is clear and unambiguous. In their most ordinary and popular sense, the words of this provision provide the non-breaching party with an election of remedies.  If the non-breaching party elects an equitable remedy, it would include a temporary restraining order or injunction, and specific performance.  Marco's and Deaconess's predecessors in interest mutually agreed to these terms when they entered into this contract.  We conclude that there exists no public policy, misinterpretation, or bad faith that would prevent the enforcement of the clear terms of this contract.

¶19  Following Deaconess's breach and pursuant to the terms of the vendor agreement, Marco petitioned for, and was granted, a temporary restraining order.  Marco also elected the remedy of specific performance or, in the alternative, an injunction to prevent Deaconess from terminating the vendor agreement.  In order for the District Court to enforce the terms of the contract, it must either enter a decree of specific performance in favor of Marco, or grant Marco's petition for an injunction.

B.  Specific Performance:

¶20  Section 27-1-411(4), MCA, establishes that specific performance may be compelled when the parties to a contract have expressly agreed in writing that specific performance shall be an available remedy.  Section 27-1-411(4), MCA, provides that "specific performance of an obligation may be compelled when . . . (4) it has been expressly agreed in writing, between the parties to the contract, that specific performance thereof may be required by either party or that damages shall not be considered adequate relief." Contrary to the memorandum of the District Court, this statute is designed to provide the court with the authority to make an exception to the general rule that a remedy at law must be inadequate before a court may order specific performance.

¶21  The vendor agreement signed by the parties' predecessors expressly provided for a remedy of specific performance.  As we concluded in Halcro v. Moon (1987), 226 Mont. 121, 125, 733 P.2d 1305, 1307, when a written contract between the parties expressly provides for the remedy of specific performance, the non-breaching party has a right to pursue such a remedy.

¶22  Accordingly, we conclude, as we did in Maxted v. Barrett (1982), 198 Mont. 81, 86, 643 P.2d 1161, 1164, that the District Court erred when it failed to enforce the clear terms of the contract between Marco and Deaconess.  We believe that § 27-1-411(4), MCA, and the clear language of the contract itself, favor the application of specific performance in this case.  Both Deaconess and Marco were responsible, at the time the contract was entered into, for understanding that in the instance of a breach, the non-breaching party has an election of remedies.  Marco, the non-breaching party, did as the contract provided and elected an equitable remedy.  Therefore, pursuant to the vendor agreement and § 27-1-411(4), MCA, the District Court should apply specific performance in this case and hold Deaconess, the breaching party, to the terms of the agreement.

¶23  The judgment of the District Court is reversed and this case is remanded to the District Court for further proceedings consistent with this opinion.

/S/  TERRY N. TRIEWEILER

We Concur:

/S/   JAMES C. NELSON
/S/   JIM REGNIER
/S/   WILLIAM E. HUNT, SR.
/S/   KARLA M. GRAY